## L. M. HAZLIP v. WM. AUSTILL.

[Abstract Kentucky Law Reporter, Vol. 4—982.]

**Grounds for Rescission of Contract.**

Where misrepresentations are made as to the boundaries of land contracted for, but they are not shown to have been made with a fraudulent intent, and where the opportunities for knowledge are about equal by the parties to such contract, there are no grounds for a rescission.

**Measure of Damages.**

The measure of damages for the breach of a contract to supply water is the probable cost of obtaining it.

APPEAL FROM EDMONSON CIRCUIT COURT.

May 3, 1883.

OPINION BY JUDGE HINES:

The evidence in this case of fraudulent representation as to the metes and bounds of the land conveyed is not sufficient to authorize the court to direct a cancelation of the contract of sale. Appellee testifies that he pointed out to appellant, at his request, only one corner to the tract, while it is shown that appellant had for many

years lived near the land, had frequently passed over it, and therefore had an opportunity of knowing its quantity, quality, value and boundary. But appellant testifies that he. did not know the metes and bounds of the land, and that appellee not only pointed out to him the corner mentioned, but indicated by corner and line trees the boundary of the whole tract, and this view is to some extent supported by other evidence in the record. Yet, conceding the misrepresentation on the part of appellee, without proof of fraudulent intent on his part, with equal opportunity of knowledge to appellant, under the circumstances indicated there are no grounds for a rescission.

There was no error of the court in assessment of damages for the failure to dig the well for supplying water. The amount allowed may be presumed from the record and from common observation to be sufficient to secure a sufficient supply of water. It is true that the evidence shows that appellant, during each year that he has occupied the place, has been damaged, by reason of the want of water, more than the amount allowed, but that is not the correct measure of damages. The measure is the probable cost of obtaining it, and the fact that appellant expended more than that sum in an abortive attempt at the place where appellee had failed does not alter the case. On the failure of appellee, within a reasonable time, to comply with his contract in this respect, it was the duty of appellant to make an intelligent effort at his own cost to supply the water, and not having done this the chancellor properly adjudged him entitled to such a sum in damages as would when so applied have accomplished the object.

The court did not err in the allowance of $50 for a deficiency of more than ten acres in a conveyance by metes and bounds of "one hundred acres more or less." Outside of any question of fraud or misrepresentation, and considering quality and character of the land, the deficiency is greater than the parties must be presumed to have contemplated, and therefore must be accounted for.

Judgment *affirmed* on the appeal and cross-appeal.

*L. M. Hazlip, for appellant.*

*P. F. Edwards, B. Lawless Sr., for appellee.*

[Cited, *Hall v. Ely*, 25 Ky. L. 954, 76 S. W. 848.]