CASE 76.—ACTION BY B. C. ANDERSON AGAINST S. N. DAWSON AND ANOTHER.—May 6, 1909.

## Anderson v. Dawson, &c.

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a judgment of dismissal on demurrer to an amended petition, plaintiff appeals.—Affirmed.

1. Vendor and Purchaser—Deficiency in Quantity of Land Sold—Remedy.—Where land is sold in gross, and the words stating the quantity are mere words of description, there can be no recovery for a deficiency in the absence of fraud or mistake, unless the deficiency is substantial; but, where the sale is by the acre, a recovery may be had for any deficiency.

2. Vendor and Purchaser—Deficiency in Quantity of Land Sold—Remedy.—A deed with covenant of general warranty described the land by courses and distances as "containing 74.30 acres, more or less." The vendor represented that the land consisted of 74.30 acres, which in fact, it consisted of a little over 68 acres. Held that, as the sale was in gross, the purchaser could not recover for the deficiency in the absence of fraud or mistake.

BROWDER & BROWDER for appellants.

#### POINTS AND AUTHORITIES.

1. The note referred to in this record is a negotiable instrument.

2. Where there is a material difference in the acreage of land covenanted to be conveyed and the acreage actually conveyed, the vendee may sue the vendor or at his election may postpone his relief until the assignee of the deferred purchase money note presents it for payment.

3. Under the allegation of fraud and misrepresentation the vendee may ignore outstanding deferred notes in the hands of innocent holders and sue the vendor directly.

4. If a deed purports to convey 74.30 acres, and there is actually conveyed only 68 acres, the land being worth $46.31 per acre, the deficit thus constituted is such as will entitle the vendee to relief.

### AUTHORITIES CITED.

Kentucky Statutes 3720 b. et seq.; Schubert v. Chambers, 4 R. 266; Collins v. Stodghill, 25 Rep. 2015; Harrison v. Talbott, 32 Ky. 258; Hall v. Ely, 25 Rep 945; Burkholder v Farmers Bank of Kentucky, 23 Rep. 2449.

S. R. CREWDSON for appellees.

We submit that as appellant has not paid for the land and has, therefor, been cut no money, until it is sought to recover of him the amount of the note executed therefor, he can make no complaint, as he has suffered no injury. When the pound of flesh is attempted to be exacted then he can contend against it, by saying that he did not receive what he bought, if it should be held that he is entitled to recover for the deficit.

### AUTHORITIES CITED.

Anthony v. Hudson, 114 S. W. 782; Russell v. Phillips, 15 Ky. Law Rep.; Negotiable Instrument Law Section's Sec. 184, Sec. 1, subsec. 4, Sec. 8; Norton on Bills 13.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-MISSIONER.—Affirming.

On September 11, 1906, appellee, S. N. Dawson, and his wife executed and delivered to appellant, B. C. Anderson, a deed conveying the following tract of land: "A certain tract or parcel of land in Logan county, Ky., on the waters of Little Whippoorwill creek and bounded and described as follows: Beginning at a rock in center of land in Faullin line corner to Fletcher; thence N. 85 3-4 deg. W. 39.17 chains with Fletcher line to a rock in Robert Carr's line; thence with Carr's line S. 57 1-4 deg. E. 20.25 chains to a rock corner to Carr; thence S. 45 1-4 deg. W. 5.80 chains, to center of Schochoh road; thence S. 35 deg.

E. 16.52 chains; thence S. 69 deg. E. 5.00 chs.; thence
S. 77 deg. E. 14.26 chains to rock; thence N. 4 deg.
E. 30.00 chs., to the beginning, and containing 74.30
acres, more or less." The consideration set forth in
the deed is the sum of $2,311 paid and payable as fol-
lows: $500 cash and one promissory note for $1,811.
due on or before September 11, 1907. The habendum
of the deed is as follows: "To have and to hold said
property unto said second party, his heirs and as-
signs forever, with covenant of general warranty re-
leasing all rights of homestead and dower." Some
time thereafter appellant Anderson instituted this
action against appellees, S. N. Dawson and E. F. Daw-
son, to recover the sum of $248.33 3-4, charging in his
petition that he purchased said land from appellees,
not as a whole, but by the acre, and that said trans-
action was based on the valuation per acre; that ap-
pellee represented to appellant, and the deed in addi-
tion thereto states, that the land conveyed consisted
of 74.30 acres; and that, by the terms of said deed,
appellee warranted the said title and the quantity of
said land to be 74.30 acres, whereas, as a matter of
fact, said tract of land contains only 68 acres, 3 rods
and 30 poles, a difference of 5.3625 acres. He fur-
ther charges that he agreed to and did pay $46.31 per
acre for said land, and, there being a deficit of 5.3625
acres, appellee is indebted to him in the sum of
$248.33 3-4. Thereafter appellant filed an amended
petition, stating certain facts with reference to the
note for the deferred payment, and charging that the
note was negotiable, and that on the date of its deliv-
ery the appellee then knew of the deficiency in the
land, and, with the view of preventing appellant from
recovering on account of said deficiency, when the

same should be by him subsquently discovered, sold and transferred said note to one Herring, so that the same would pass out of appellee's hands and into the hands of an innocent holder for value, thus depriving appellant of any defense to said note.  A demurrer was sustained to the petition and the amended petition, and, appellant declining to plead further, the petition was dismissed.  From that judgment this appeal is prosecuted.

In the well-considered case of Harrison v. Talbot, 2 Dana, 258, the various kinds of cases in actions to recover for a deficit in the quantity of land sold are classified as follows: "First, sales strictly and essentially by the tract, without reference in the negotiation or in the consideration to any estimated or designated quantity of acres; second, sales of the like kind, in which, though a supposed quantity by estimation is mentioned or referred to in the contract, the reference was made only for the purpose of description, and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be or how much soever it might exceed or fall short of that which was mentioned in the contract; third, sales in which it is evident from extraneous circumstances of locality, value, price, time, and the conduct and conversation of the parties that they did not contemplate or intend to risk more than the usual rates of excess or deficit in similar cases, or than such as might be reasonably calculated on as within the range of ordinary contingency; fourth, sales which, though technically deemed and denominated 'sales in gross,' are in fact sales by the acre, and so understood by the parties."  The court

then says: "Contracts belonging to either of the two first-mentioned classes, whether executed or executory, should not be modified by the chancellor when there has been no fraud. But in sales of either the latter kinds an unreasonable surplus or deficit may entitle the injured party to equitable relief, unless he has by his conduct waived or forfeited his equity." In the recent case of Anthony v. Hudson (Ky.) 114 S. W. 782, 131 Ky. —, the description was as follows: "First. The northwest quarter, and the northwest quarter of the southeast quarter of section thirty-four (34) in township fifteen (15) north of range eight (8), east of third principal meridian, containing, according to United States survey two hundred (200) acres. Second. * * * Containing, according to the United States survey, three hundred and sixty (360) acres." In that case it was held that the expression, "containing according to United States survey" 200 acres in the one instance and 360 acres in the other instance, constituted mere words of description. The court in the latter case used the following language: "A contract for the sale of land must be gathered from the writing No outside conversation or oral statement, which is not directed to the end of impeaching a writing for fraud or mistake, which takes place before the writing is drawn, can explain, modify, or change it."

In the case of Russell v. Phillips (Ky.) 22 S. W. 220, 15 R. 76, the following from Worvellee on Vendors (volume 2, p. 925) was quoted with approval: "Mere enumeration of quantity at the end of a particular description of the premises, where there has been no fraud or gross mistake, has ever been regarded as matter of description only, and not

of the essence of the contract; and in such cases the purchaser is not entitled to an abatement of price because on survey the tract is found to contain a less number of acres than that specified." There is nothing on the face of the deed to show that the sale was made by the acre, and it is manifest that the words, "containing 74.30 acres, more or less," are simply words of description. The question then, is: Is the deficit sufficient to justify a recovery without an allegation of fraud or mistake? The petition merely charges that appellee represented, and in addition thereto the deed states, that the land so conveyed consisted of 74.30 acres. In a number of cases this court has granted relief where there was a deficit of 10 per cent. or over. Smith v. Smith, 4 Bibb, 81; Shelby v. Smith's Heirs, 2 A. K. Mar. 504; Hazlip v. Austill, 4 Ky. Law Rep. 982; Hall v. Ely (Ky.) 76 S. W. 848, 25 R. 954. In these cases it was held that the deficiency, considering the quantity and character of the land, was greater than the parties must be presumed to have contemplated, and should be accounted for. Where the deed showed that there was a sale of land in gross and the words stating the quantity were mere words of description, this court has never allowed a recovery in the absence of an allegation of fraud or mistake where the deficit was less than 10 per cent. Of course, if the deed itself showed that the transaction was a sale by the acre and there was a deficit, a recovery could be had. As the deed under discussion uses the language, "and containing 74.30 acres, more or less," and as under the uniform ruling of this court such words are regarded as words of description, it is manifest that, where the deficit

is as small as it is in this case, there can be no recovery. That being the case, the mere representation by the appellee that the land sold contained 74.30 acres, in the absence of fraud or mistake, would not justify a recovery any more than the language employed in the deed itself.

We deem it unnecessary to pass upon the other questions raised, as the demurrer was properly sustained for the reasons set out above.

Judgment affirmed.