## Paisley v. Hatter.

(Decided May 16, 1911.)

## Appeal from Simpson Circuit Court.

Land—Sale in Gross—Deficiency—Innocent Mistake—Where there is a deficiency of 12.5 acres in a tract of land sold in gross as 100 acres more or less, a recovery may be had for the deficiency, it being above 10 per cent., the vendor and vendee having both labored under an innocent mistake as to the quantity of land in the tract.

S. R. CREWDSON, S. J. BROWNING and G. W. WHITESIDE for appellant.

ROARK & FINN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On July 15, 1905, D. H. Hatter conveyed to C. C. Paisley a tract of land for $1,500, the land being described in the deed by metes and bounds, the description concluding with these words: "Containing 100 acres, more or less, sold in gross and not by the acre." On June 22, 1910, Paisley brought this suit against Hatter charging that there was a deficiency of 13 acres worth $20 an acre; that the tract only contained 87 acres of land, when by a mistake it was sold to him as a tract of 100 acres. He prayed judgment for $260 for the deficiency. The defendant filed an answer controverting the allegations of the petition; proof was taken, and the circuit court, on final hearing, having dismissed the petition, the plaintiff appeals.

The proof shows that O. M. Whited had a deed from Thompson Hardin for 100 acres of land; that Whited after receiving the deed from Hardin conveyed to another 12 1-2 acres of the tract, the purchaser taking possession; that after this Whited died, and a suit was brought to settle his estate. In this suit the land owned by him at his death was ordered sold, and in some way the fact that he had conveyed away 12 1-2 acres of the tract was overlooked. Hatter bought at the sale and received a commissioner's deed which described the land sold to him as it had been described in the deed from Hardin to Whited. When he sold to Paisley he took him out on the land and showed it to him making Paisley a deed according to the deed which the commissioner had

made him. Paisley in fact got all the land that he
thought he was buying, as it was under fence and he
saw what he was to get. But in fact he thought there
was 100 acres in the boundary, and the calls of his deed
if run out will include 100 acres, but to run them out
will make them take in the 12 1-2 acres that Whited had
conveyed away before his death. The deficiency in the
land according to the testimony of the surveyor is 12.5
acres. So the case comes to this. Paisley instead of get-
ting 100 acres of land gets 12.5 acres less than that; or
in round numbers, there is a deficiency of one-eighth in
the tract amounting to $187.50 at the price he paid for
the tract. He alleged in his petition that there was a
shortage of 13 acres worth $20 an acre. If a part of the
land which he examined and thought he was buying had
been omitted from the deed a different question would be
presented; but as he got exactly what he bought, he is
under the evidence only entitled to recover pro rata for
the deficiency according to the amount that he paid for
the total number of acres which he supposed he was
getting. In Boggs v. Bush, 137 Ky., 98, we said:

"We do not regard the question as a material one
in this case whether the sale was by the acre or in gross.
If it was by the acre, then it does not matter whether the
efficiency is great or small; the number of acres rep-
resented must be within the boundary. If in gross,
if the deficiency is so great as was probably not within
the contemplation of the parties, the buyer is entitled to
relief upon the same basis of computation as if the sale
had been by the acre. The quantity of area of land em-
braced by a sale, described by metes and bounds, is, or
at least may be, an essential inducement to the bargain.
Farm lands are frequently, perhaps more frequently,
sold by the acre, or sold at a valuation into which the
number of acres enters as a material feature of the
trade.   *   *   *   While the courts have not set a rule
applicable to all cases, in Kentucky no case to which our
attention has been called has granted the relief where
the deficiency was less than 10 per cent and in none
was it refused where the deficit was as much or more
than 10 per cent. In the early history of the State, when
lands were cheap, and in consequence surveying was
frequently attended with inaccuracies because, perhaps,
it did not pay to take the time and go to the labor and
expense necessary to secure greater exactness, more lat-

itude for discrepancy was allowed. As values have enhanced and surveying has been more carefully done, there is less reason for, and would be more injustice in applying the rule of ancient times.''

In Anthony v. Hudson, 131 Ky., 185, there was a deficiency of less than 10 acres in a sale of 560 acres. In Anderson v. Dawson, 133 Ky., 708, there was a deficiency of 6.3 acres in 74.3 acres.

In Travis v. Taylor, 118 S. W., 988, there was a deficiency of 12 acres in a tract of 149 acres. In all these cases it was held that no recovery could be had for the deficiency. But in Hall v. Ely, 76 S. W., 848, Collins v. Stodghill, 79 S. W., 185, and Landrum, et al. v. Wells, 122 S. W., 213, a recovery for the deficiency was allowed where it was above 10 per cent. We adhere to the rule above quoted, which applies in all ordinary cases. There is nothing in this case to take it out of the rule. The rule would be valueless if exceptions were made to it upon slight grounds.

Judgment reversed, and cause remanded for a judgment as above indicated.