## Page v. Hogan.

(Decided November 26, 1912.)

### Appeal from Logan Circuit Court.

Land—Sale in Gross—Deficiency of Less Than 10 Per Cent—No Allowance For.—No compensation will be allowed for a deficiency of less than 10 per cent in a sale of land in gross, although the deed does not use the words "more or less."

S. R. CREWDSON for appellant.

S. J. BROWNING, BROWDER & BROWDER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On October 6, 1908, J. J. Hogan sold and conveyed to Walter S. Page a tract of land, as shown by the deed, of 98½ acres for $5,500, the sale being in gross. On December 18, 1911, Walter S. Page brought this suit against Hogan alleging that there was a deficiency of ten acres in the tract, and praying judgment against him for $538.50, the amount which ten acres would come to at the contract price. Hogan by his answer denied that there was a deficiency of the amount alleged; proof was taken. According to one survey the tract contained 90⅛ acres; according to another survey the tract contained 91½ acres. There was a roadway on the side of the place, and the surveyor who made it 90½ acres appears to have not included enough of the roadway in

his survey owing to the fact that he measured to the middle of the road when the middle of the road was not the real line. So taking the two surveys together we think it may be safely concluded that the tract contains in fact about 91 acres of land and that there was a deficiency of 7½ acres. The proof taken showed that Hogan had never had the land surveyed; that his deed called for 98½ acres and that he told the purchaser in substance that he did not know the quantity of land in the tract; that the purchaser went over the land on two separate days and made careful examination of the place making an estimate of the quantity of land in each field; and that he knew as much about the quantity when he bought as Hogan did. There is some slight discrepancy between the testimony of Hogan and Page as to what took place between them. Page says that Hogan told him he thought there were 100 acres in the place. Hogan says that he told him that he thought there was between 90 and 100 acres in the place. Hogan asked Page $6,000 for the land and finally agreed to take $5,500. It was apparent from all the testimony that Page bought the land when he understood that Hogan did not know definitely how many acres there were in the tract. On this proof the circuit court dismissed the plaintiff's petition, and he appeals.

We have held in a number of cases that where the tract of land is sold in gross and there is a discrepancy of 10 per cent or over, a recovery may be had for it; but that where the discrepancy is less than 10 per cent no recovery will be allowed; because the parties must be presumed to have contemplated that the quantity might vary somewhat from the estimate, and that a reasonable variance must be within the contemplation of the parties. It is well known that land surveys in Kentucky have not been accurately made, and persons who buy land know this. It is important that there should be some settled rule on the subject; because if there is no settled rule uncertainty will result, and litigation will ensue. We think the rule that we have laid down is a reasonable one, and it has been so often laid down that a recovery will not be allowed for a deficiency less than 10 per cent that the question is no longer an open one. (Anthony v. Hudson, 131 Ky., 185; Anderson v. Dawson, 133 Ky., 708; Boggs v. Bush, 137 Ky., 95; Paisley v. Hatter, 143 Ky., 634.)

In the deed in question the land is described as follows:

"One tract of land of 98½ acres, as follows: Beginning at stone in J. W. Browning's line, Leland Pearce's corner, and in center of Auburn and Franklin road, running in northeasterly direction with Pearce's line to Silas Holland's corner with said Holland's line in northwesterly direction to rock in Sam Roy's lane, thence with said Roy's line in southwesterly direction to a stone, to Roy and Asa Holland, thence in a southerly direction to corner between said Roy and said Holland, marked by small stone, thence in a southwesterly direction to Franklin road in Hogan's line, thence with said road and Hogan's line southeasterly direction to Browning's line, thence N. E. with said Browning's line to a stone corner to Holland and Browning and in road, thence with said road, Browning's line to the beginning. This entire boundary is here deeded except roadway of 12 feet wide, extending from the beginning of this boundary and running with Pearce's line Silas Holland's corner."

It is not material that the deed does not use the words "more or less" after the words "98½ acres." If the words "more or less" had been added to the deed it would still be a sale in gross of the body of land described in the deed and the omission of the words "more or less" detracts nothing from the sense. The quantity of land stated in the deed is merely matter of description. The deed calls to begin at a stone in Browning's line, Pearce's corner and to·run with Pearce's line to Silas Holland's corner. The entire boundary is deeded except a roadway of 12 feet wide from the beginning and running with Pearce's line to Silas Holland's corner. We think the natural construction of the deed is that the whole tract contains 98½ acres, and that the 12 foot roadway on one side of the tract is not deeded. In other words, the natural meaning of the deed is that the boundary set out in the deed contains 98½ acres, and that out of this the roadway is to be deducted. But this is not very material for the deficiency would still be less than 10 per cent if we deduct the roadway.

Judgment affirmed.