### Moreland v. Henry, et al.

(Decided January 8, 1914).

#### Appeal from Ohio Circuit Court.

1.  Vendor and Purchaser—Recovery for Deficit.—Where a body of land is sold by the acre at so much per acre, the vendee may recover the purchase price for the deficit in the quantity of land sold.

2.  Deeds—Recital In, When Made by Mutual Mistake, May Be Corrected.—Although a deed recited that the tract of land conveyed contained two hundred acres more or less, it was competent for the vendee, in a suit to recover for a deficit in the

quantity of land, to show that by mutual mistake the words, "more or less," were inserted in the deed.

ERNEST WOODWARD, M. L. HEAVRIN for appellant.

BARNES & SMITH for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In March, 1910, the appellant sold to the appellees a tract of land for eight thousand dollars. The deed described the land not by metes and bounds or courses and distances but by adjoining lands and public roads, and recited that the tract "contains two hundred acres, more or less."

In the latter part of 1911, the appellees, averring that they bought the land at forty dollars per acre believing that there was two hundred acres in the tract and that the recitation in the deed that it contained two hundred acres more or less was inserted by mutual mistake, brought this suit to recover from appellant $520, the value of the deficit in the quantity of the land.

For answer to this suit, the appellant set up that the sale was of a tract of land in gross and not by the acre, and that appellees at the time of and before the purchase had actual knowledge of the boundary lines of the land, and the fact that its contents had never been calculated. He also relied upon the recitation in the deed as conclusive of the contract between the parties.

After the case had been prepared for trial, the lower court gave the appellees the relief prayed for, and from the judgment this appeal is prosecuted.

If the sale was in gross of a body of land and not by the acre, the deficit, not amounting to as much as ten per cent, would not be sufficient to entitle appellees to the relief sought. On the other hand, if the tract was represented by appellant to contain two hundred acres and was bought by appellees by the acre, the judgment should be affirmed. Page v. Hogan, 150 Ky., 726; Salyer v. Blessing, 151 Ky., 459.

At the outset it is urged by counsel for appellant that the recital in the deed, that the land contained two hundred acres, more or less, contains the contract between the parties, and this recital, together with the general description of the boundary, shows that the sale was of a body of land in gross and not by the acre. Unex-

plained, this recital would be conclusive on the parties that the sale was in gross and not by the acre, but the weight of the evidence clearly establishes that the appellant, the appellees and the draftsman of the deed all believed that the body of land contained two hundred acres and that the sale and purchase was of two hundred acres of land at forty dollars per acre.

The appellees did not have the title examined or the land surveyed, and four witnesses testify positively that appellant represented that the body of land contained two hundred acres and that he wanted forty dollars an acre for it.

The draftsman of the deed, who had at one time surveyed the land, but did not calculate the contents of the surveys, says that at the time the deed was written appellant said to appellees that there was two hundred acres in the tract and that he, the witness, thought the tract contained two hundred acres and so told appellees. He further testifies that before writing the deed he told appellant that he thought there was two hundred acres in the tract and that appellant told him to write the deed "for two hundred acres at forty dollars an acre." It further appears that the draftsman of the deed inserted the words "more or less" without direction from any person.

The evidence of appellant is to the effect that he declined to sell the land by the acre, although he believed there was two hundred acres in the tract, and sold the land as a body for eight thousand dollars.

Under these circumstances we think the judgment of the lower court was clearly correct, and it is affirmed.