## Byrn v. Andrew.

(Decided October 12, 1920.)

### Appeal from Graves Circuit Court.

1. Vendor and Purchaser—Deficiency in Quantity of Land Sold—When a Recovery May be Had.—Where land is sold by the acre a recovery may be had for a deficiency in the quantity, but when sold in gross no recovery can be had except upon allegation and proof of fraud or mistake, unless the deficiency is as much as ten per cent.

2. Vendor and Purchaser—Deficiency in Quantity of Land Sold—Fraudulent Representation—Evidence.—In an action to recover

for a deficiency in the quantity of land sold on the ground that the sale was by the acre and the vendor fraudulently represented the number of acres, evidence examined and held insufficient to sustain the charge of fraud.

W. J. WEBB for appellant.

M. B. HALIFIELD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 1, 1913, J. M. Andrew sold and conveyed to W. M. Byrn a tract of land in Graves county. While the land was fenced and lay in one body, it was not described as one tract but as several tracts, each tract being described by metes and bounds, and by reference to the deed by which it was conveyed to the grantor. The several tracts aggregated about 184 acres, but a subsequent survey shows that there were only about 178 acres in all. According to the deed the land was sold in gross and not by the acre, and the consideration was $15,000.00, evidenced by seven promissory notes for different amounts and bearing interest from date.

After selling portions of the land to different parties, Byrn brought suit against Andrew to recover the sum of $1,650.00 and interest because of an alleged deficiency in the quantity of the land sold. He charged that Andrew represented to him that there were 200 acres of said land, and that he would sell the same to him for $75.00 per acre; that there were only 178 acres in the tract conveyed, and that defendant's representation that there were 200 acres was false; that plaintiff relied upon defendant's statement as to the number of acres, and but for said statement would not have executed his notes for said land; that said statement was fraudulently made for the purpose of deceiving plaintiff and caused plaintiff to execute his notes for $1,650.00 more than he should have done. On final hearing plaintiff's petition was dismissed and he appeals.

Plaintiff testified that he bought the land at $75.00 per acre and defendant guaranteed that there were 200 acres. He further stated that defendant took the deeds under which he held title, set down the quantities of land, and, after adding them up, informed plaintiff that there were 203 acres of land including the cemetery. G. L. Hopkins testified that defendant stated to him that plaintiff gave him $75.00 per acre, or $15,000.00 for the whole

farm. Plaintiff's brother, E. E. Byrn, testified that defendant told him in plaintiff's presence that there were 200 acres without the cemetery and church, and that the price plaintiff was to give was $75.00 per acre. J. B. Grayum asked defendant in plaintiff's presence how much land there was, and defendant said it figured out 203 acres leaving out the cemetery. On the other hand defendant testified that plaintiff had lived nearby for several years, and was well acquainted with the land. They discussed the trade a number of times. Plaintiff asked him if he believed there were 200 acres of the land. Defendant replied that he did not know, but it figured that much. He told plaintiff that he had to have $15,000.00 for the land, and if it fell short one dollar he refused to make the deal. He did not agree to sell the land at $75.00 an acre. He did not know the number of acres. He did not make any calculations from the deeds and total the quantity as 200 acres. On one occasion he added up the number of acres as represented by his grantors and figured the quantity at about 200. W. D. Jackson testified that he had been on a trade for the land, and after investigation found out that there was a shortage of 25 or 26 acres. Before the sale was made, he informed plaintiff of this fact. J. E. Carmen stated that plaintiff told him that he did not know just how many acres were in the entire tract, and defendant would not survey it to him. Plaintiff further told him that both he and defendant thought there were 200 acres, but that he gave defendant a certain sum of money for it just as it lay. S. E. Plumlee testified that he heard a conversation between plaintiff and defendant. Defendant said that he had sold plaintiff the land as it stood for $15,000.00, no more nor no less, and he would not measure it to him or anybody else. Plaintiff replied that he would not dispute what defendant said, but unless he made up the shortage there was going to be a lawsuit. A. M. Wilson, who was present at the same time, testified that he heard defendant tell plaintiff that he did not guarantee any certain acreage in the plat of ground. Plaintiff said that was true, but he could not stand to lose that much shortage.

A brief statement of the rule prevailing in this state is as follows: Where land is sold by the acre, a recovery can be had for a deficiency in the quantity, but where land is sold in gross and not by the acre no recovery can be had except upon allegation and proof of fraud or mistake unless the deficiency is as much as ten per cent.

Anderson v. Dawson, 133 Ky. 708, 118 S. W. 953; Landrum & Adams v. Wells, 122 S. W. 213. Here, the deficiency was only about six acres, and being less than ten per cent, no recovery can be had unless plaintiff's charge of fraud be sustained. While plaintiff and his witnesses claim that the land was sold by the acre, and the defendant fraudulently represented the number of acres, yet the weight of the evidence is to the effect that the sale was in gross, that defendant stated that he would not guarantee the number of acres, and that plaintiff purchased the land knowing that the quantity would fall far short of 200 acres. It follows that the charge of fraud was not sustained, and that plaintiff's petition was properly dismissed.

Judgment affirmed.