## Sanders v. Lindsey.

(Decided June 24, 1924.)

### Appeal from Warren Circuit Court.

Vendor and Purchaser—Purchaser Held Not Entitled to Recover for Deficiency in Acreage when Land Sold by Boundary.—Grantee was not entitled to recover for a deficiency of 45 acres under a deed conveying a tract "containing about 300 acres, be the same more or less," and providing that "it is distinctly understood that this land is sold by the boundary and not by the acre."

N. P. SIMS and JOHN B. RODES for appellant.

THOMAS, THOMAS & LOGAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On March 31, 1919, Thomas Lindsey sold to William Sanders his farm in Edmonson county, including all the

stock, provender, farming tools and equipment, lumber on the farm and certain household and kitchen furniture for $12,500.00 cash in hand paid. On March 18, 1920, Sanders brought this suit against Lindsey charging that the tract was represented to contain 300 acres of land and that he bought it relying on this representation; that it, in fact, contained only 252 acres. He prayed judgment for the deficiency, and by an amended petition he alleged that the defendant repeatedly represented the land to him as containing 350 acres, stating that although he was not sure of its exact acreage, yet he knew that it would certainly contain as many as 300 acres; that this representation was untrue and was known to be untrue by the defendant at the time and was made for the purpose of inducing him to buy the property, and did induce him to buy it. An answer was filed controverting the allegations of the petition; the issues were made up, and on final hearing the circuit court dismissed the petition; plaintiff appeals.

The evidence does not warrant a judgment against the defendant on the ground of fraud. If the plaintiff is entitled to recover it must be under his deed. The land conveyed is thus described in the deed:

"A certain tract of land, situate, lying and being in the county of Edmonson and state of Kentucky, on the waters of Bear creek, and bounded on the east by Bear creek; on the north by Sunfish creek; on the south by the lands of Daniel Durbin, on the west by William Farris' lands, containing about 300 acres, be the same more or less. But it is distinctly understood that this land is sold by the boundary and not by the acre."

The proof shows that there was about 255 acres in the survey and that there was, therefore, a deficiency of about 45 acres.

In Harrison v. Talbot, 2 Dana 266, which is the leading case on the subject, the court held that a contract, whether executed or executory, should not be modified by the chancellor when there has been no fraud in the following two classes:

"First: Sales strictly and essentially by the tract, without reference in the negotiation or in the consideration to any estimated or designated quantity of acres. Second: Sales of the like kind, in which though a supposed quantity by estimation is

mentioned or referred to in the contract, the reference was made only for the purpose of description and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be, or how-much-soever it might exceed or fall short of that which was mentioned in the contract.''

This case seems clearly to fall within the second class, for these words are used in the deed following the description of the land: ''But it is distinctly understood that this land is sold by the boundary and not by the acre.'' These words must have been inserted for some reason; they can not be rejected as meaningless. The natural meaning is that the boundary of land is sold for the consideration named. This conclusion is fortified by the fact that there is not a course or distance given in the deed. The vendee well knew the land and had known it for years; it had never been surveyed since the vendor had it, and other tracts had been cut off from the original survey. The vendee accepted the deed, well knowing its terms. Some time after the tract was bought by him, he was on a trade with Tilford Duvall, by which Duvall was about to buy the land from him, and when this trade came up the deficiency in the quantity came to light. Two witnesses testified that appellant then said: ''That don't make a bit of difference. I bought by the boundary and I sold by the boundary. I ain't got no recourse on Tom (Lindsey) and Tilford ain't got no recourse on me.'' While he denies saying this we think this is the natural construction of his deed, and that he is bound by it.

Judgment affirmed.