Affirming.
Appellee, Dan McDonald, sold and conveyed to appellant, E.L. Sheets, a tract of land in Franklin county, Kentucky, for $16,000.00. The written contract of sale and the deed executed to effectuate the deal, in connection with the description of the tract of land, contained the following words: "Containing 138 acres, be the same more or less, as said land is sold by the boundary and not by the acre." A survey made four years after the deed was delivered to appellant disclosed that the tract contained 118.494 acres, or 19.506 acres less than the 138 mentioned in the deed. Appellant sued to recover $2,160.83 for the shortage. The parties agree that this court, in Harrison v. Talbolt, 2 Dana 258, uttered its outstanding opinion regarding the principles of law governing the question here presented in these words:
 "Sales in gross may be subdivided into various subordinate classifications: First — sales strictly and essentially by the tract, without reference in the negotiation or in the consideration to any estimated or designated quantity of acres. Second — sale of the like kind, in which though a supposed quantity by *Page 596 
estimation is mentioned or referred to in the contract, the reference was made only for the purpose of description and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be, or how-much-soever it might exceed or fall short of that which was mentioned in the contract. Third — sales in which it is evident from extraneous circumstances of locality, value, price, time and the conduct and conversation of the parties, that they did not contemplate or intend to risk more than the usual rates of excess or deficit in similar cases, or than such as might be reasonably calculated on as within the range of ordinary contingency. Fourth — sales which, though technically deemed and denominated sales in gross, are, in fact, sales by the acre, and so understood by the parties.
 "Contracts belonging to either of the two first mentioned classes, whether executed or executory, should not be modified by the chancellor when there has been no fraud. Such was the contract in the case of Brown v. Parish, lately decided by this court.
 "But in sales of either of the latter kinds, an unreasonable surplus or deficit, may entitle the injured party to equitable relief, unless he has by his conduct waived or forfeited his equity."
They differ as to which of the classifications above the facts of this case make it to fall within. Appellant vigorously insists that it falls clearly within the third classification above, while appellee insists, and the chancellor found, that it falls within the second. There is no controversy but that this was a sale in gross. Being such and if, as is insisted by appellant, under its facts and circumstances, it falls within the third classification, supra, then under authority of Boggs v. Bush, 137 Ky. 95; Paisley v. Batter, 143 Ky. 633; Salyer v. Blessing, et al., 151 Ky. 459; Wilson v. Morris, 192 Ky. 469, and Barton v. Jones, 205 Ky. 238, appellant is entitled to the relief he seeks, because the deficiency appears to be greater than ten per cent of the gross amount of the sale.
Appellant appears not to have been acquainted with the farm in question before he purchased it. He, however, went upon and examined it with a view to making up his mind whether or not he would purchase it. He was shown its correct boundary. He testifies most emphatically *Page 597 
that appellee represented to him that there were 138 acres of the land; that he purchased it relying upon that representation; and that he would not have purchased it if he had known that the boundary shown him did not contain 138 acres. Appellee testified that with reference to the number of acres contained in the farm he stated to appellant at most that his deed recited that it contained 138 acres, but that he was not making a, sale by the acre but by the tract; and that the contract must be so drawn that there could be no "come-back" on him in case there was a deficiency in the number of acres. The attorney who prepared the contract of sale corroborated appellee. The contract of sale and the deed executed and delivered to appellant speak for themselves. Both in connection with the description of the tract of land sold contain this expression: "Containing 138 acres, be the same more or less, as said land is sold by the boundary and not by the acre." Appellant admits that the contract was read to him before he signed it and that the deed was read to him before he received it. We agree with counsel for appellant in all the principles of law invoked by them relative to the construction of a written contract. We can not, however, find ourselves able to agree with them as to the result obtained by an application of those rules to the facts of the case now before us. It is difficult for this court to understand how the parties could have expressed themselves more clearly to give us to understand that, though an estimate as to the quantity of land was made in the contract, it was made only for the purpose of description; or how by the use of language they could more clearly have given us to understand that they intended to risk the contingency of quantity whatever it might be or how-much-soever it might exceed or fall short of that which was mentioned in the contract than by concluding the description of the tract of land in both the contract and deed with the words: "Containing 138 acres, be the same more or less, as said land is sold by the boundary and not by the acre."
Almost the identical language here used was used in connection with the description of the tract of land in controversy in Sanders v. Lindsey, 204 Ky. 57, where it was said: "Containing about 300 acres, be the same more or less. But it is distinctly understood that this land is sold by the boundary and not by the acre." In that case, after quoting the first two classifications into which sales *Page 598 
in gross were divided by the opinion, in Harrison v. Talbot,supra, it was held that, though there was a deficiency of 45 acres, the case fell within the second class and recovery was denied.
The points of difference between the facts of the Sanders case and those of the case now before us, pointed out in brief for appellant, are wholly insufficient to make a distinction in the legal principles involved. The fact that in the Sanders case "the vendee well knew the land and had known it for years," as was said in the opinion, and that in the case now before us the vendee had never been on the farm in question but once before he purchased it makes no difference at all. The vendee in each case had sufficient knowledge of the farm he purchased to form his own estimate as to its value. The vendee in each case was mistaken in his estimate as to the number of acres, there being a deficiency in the former case of 55 acres and of 19 acres in the latter. The statement in the former opinion "the vendee accepted the deed well knowing its terms," does not make it appear that the parties were in a different attitude with respect to that fact. The same thing may be appropriately said of the vendee in this case. He is chargeable with knowledge of the contents of the deed which he accepted, and in addition to the deed in this case it appears that before he accepted it he signed the written contract containing the express stipulation that his purchase of the tract of land was a purchase by the tract and not by the acre. As pointed out by counsel for appellant, it does appear that in the former case two witnesses testified that when the discrepancy in the tract of land first came to light, the vendee stated that it could make no difference as he bought the land by the boundary and had no recourse on the vendor. There is no evidence of appellant Sheets having made that statement except that it is contained in the written contract and the deed. However, the fact that that proof appeared in the former case and not in this does not tend in the least to distinguish the legal principles involved.
The quoted portion of the contract and deed is the controlling and decisive fact of this litigation. When properly construed so as to give all of the language employed the meaning evidently intended by the parties in using it, this court is led to the conclusion that the number of acres mentioned when read in connection with the words "more or less" following, and when considered in *Page 599 
connection with the words "as said land is sold by the boundary and not by the acre," was intended by the parties to be their mere estimation as to the number of acres contained in the tract of land, used for the purpose of description only; and that it was their purpose and intention to risk the contingency of quantity whatever it might be or how-much-soever it might exceed or fall short of the number of acres mentioned in the contract. It seems to us that as in the Sanders case so here the sale can but be held to fall within the second classification as made by this court in Harrison v. Talbot,supra, and that appellant was not entitled to recover for the deficiency in the acreage of the tract of land he purchased, since he took the risk of there being more or less than the number estimated.
The judgment of the chancellor being in accord with our conclusion herein reached will therefore be affirmed.