CASE 14.—SUIT BY W. R. BOGGS AGAINST R. F.   BUSH,
TO RECOVER FOR A DEFICIT IN LAND SOLD.—
November 19, 1909.

## Boggs v. Bush

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendant, plaintiff   appeals—Reversed.

1. Vendor and Purchaser—Deficiency in Quantity   of  Land
Sold—Suit to Abate Price—Defenses.—In the negotiations the
vendor represented that the land contained 90 acres, and a
survey showed that quantity.  A deed was given conveying
90 acres "more or less," and thereafter it was discovered
that through an error in calls the tract contained 78 acres,
and the purchaser sued in equity for relief against   the
deficiency on the ground of mistake or fraud.  Held, that a
contention that the purchaser got all he bargained for, and
that there was no loss of any part of the property, was
not pertinent, though it might be in an action for breach of
warranty, since the gist of the present action was mistake
or fraud.

2. Vendor and Purchaser—Deficiency in Quantity of   Land—
Abatement of Price—Sale by Acre or in Gross.—In such
case, the unit of measure of land in fixing the price being
the acre, it is immaterial whether the sale was by the acre
or in gross, since if by the acre the vendor was entitled
to the quantity represented, and if in gross the buyer was
entitled to relief against a deficit so great as was probably
not within the contemplation of the parties.

3. Deeds—Quantity of Land Conveyed—"More or Less."—The
words "more or less" in a deed relieve only from the neces-
sity for exactness, and not from gross deficiency.

4. Vendor and Purchaser—Quantity of Land—Percentage of
Deficit.—Since it is a rule that relief will be denied for a
deficit which is less than 10 per cent. and granted where
10 or more, the purchaser was entitled to relief for the
deficit of 12 acres out of 90.

5. Evidence—Deeds—Prior Negotiations.—The court may, without offending against the rule as to parol evidence, look to the negotiations leading up to a deed to determine whether the sale was by the acre or in gross.

6. Pleading—Fraud or Mistake—Conclusion from Facts Alleged.—Where the facts pleaded are such that from them the law imputes either fraud or mistake, it need not be pleaded in terms.

J. A. SULLIVAN AND S. M. WALLACE for appellant.

J. C. & D. M. CHENAULT for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee, Bush, sold and conveyed to appellant, Boggs, two tracts of land in Estill county, for the consideration of $1,400. The description of the land contained in the deed is as follows: "Beginning at the mouth of the branch, Prather corner on the Kentucky river, thence up said branch as it meanders N. 6½ degrees W., 20 poles, N., 26 poles; thence N. 6 degrees W., 24 poles, to a hickory on said branch; thence N. 59½ degrees E., 6.2 poles, to a bunch of walnut bushes; thence with a West line between Floyd and the said Bush, N. 78¼ degrees W., 14 poles, to a stone; thence N. 46¼ degrees W., 15 poles, to a fence post; thence N.; to a stone in Bogie's line, corner to Ware and said Bush; thence a straight line S. W., to a locust tree near an old ice house continuing a straight line to a stone corner to Ware and Hendrix; thence with Hendrix's line S. 10 degrees E., 136 poles, to a stake on the N. bank of the Kentucky river; thence up said river N. 68 degrees E., 107 poles, to the beginning, containing 90 acres more or less. Also a tract of woodland containing 10 acres more or less and lying on the north side of Browning creek

and Liberty road, joining lands of Jas. Hall, Lewis Richardson, and others."

In this suit by appellant against his grantor, Bush, it is claimed that the tract described as containing "90 acres more or less" was actually only 78 acres. The plaintiffs' damage is laid at $250. He sues upon the ground that the sale to him was by the acre; or, if not, that the deficit was so large as to fall within the rule that it was not within the contemplation of the parties, and was therefore a mistake, a misrepresentation, from which a court of equity will grant relief. It was denied in the answer that the sale was by the acre. It was averred, on the contrary, that it was a sale in gross, and that as a matter of fact the grantee got by the conveyance all the land that was sold or intended to be sold to him, and all that he thought he was buying. The circuit court denied plaintiff the relief for which he prayed, basing the judgment upon the ground that the sale was in gross, and that the discrepancy in quantity was not enough to warrant a restitution of a proportionate part of the consideration. The circuit court also held that it was inadmissible to show by extraneous evidence the negotiation leading up to the sale and execution of the deed; that the trial must be confined to the examination of the deed alone.

The proof was: That the parties went upon the land pending the negotiation, when the lines of the first-described tract were pointed out to appellee by appellant; that appellee believed that boundary contained 90 acres, and so represented to appellant; that upon appellant's request that it be surveyed appellee, no doubt acting in good faith, responded

that it had been surveyed, at least the boundary had been calculated a short while before, and that it contained 90 acres. He refused to have it surveyed again. Appellant did not know that the boundary contained less than 90 acres. The discrepancy arose from an error in one of the calls, contained in the description appearing in the deed to appellee—where the call was for a course "N. 6½ degrees W.," it should have been "N. 62½ degrees. W." If it were run N. 6½ degrees, the line would extend over onto another man's land, and would make the boundary embrace probably 90 acres; but, if the area is calculated with reference to the true course of that line N. 62½ degrees W., it embraces only 78 acres. Some few years later, when appellant sold the land, his purchaser demanding a survey of the tract, it was discovered that the true area was only 78 acres. Appellee contends that appellant got all the land he bargained for, and, whether it was 78 acres or 90 acres, there was not a loss of any part of the property. But we do not regard this contention as pertinent. It would be upon an action for breach of warranty of title; but that is not this action. Always in actions such as this the claim is not for a failure of title, but is for the deceit practiced by the successful party in inducing the buyer to believe he was getting that which he did not get by the conveyance, or upon the mutual mistake of the parties so great as to be inconsistent with the presumption that it was within their contemplation as one of the natural and usual results likely to arise from casual errors of measurement, calculation, or observation.

We do not regard the question as a material one in this case whether the sale was by the acre or in

gross. If it was by the acre, then it does not matter whether the deficiency is great or small; the number of acres represented must be within the boundary. If in gross, if the deficiency is so great as was probably not within the contemplation of the parties, the buyer is entitled to relief upon the same basis of computation as if the sale had been by the acre. The quantity or area of land embraced by a sale, described by metes and bounds, is, or at least may be, an essential inducement to the bargain. Farm lands are frequently, perhaps most frequently, sold by the acre, or are sold at a valuation into which the number of acres enters as a material feature of the trade. While the recitation of the number of acres is a part of the description of the land, or may be, it is, not unusually, more than that. The purchaser buys not only the particular body of land, but the quantity it is represented to contain; the latter feature of the bargain affecting the amount of consideration to be paid. The unit of measure of land in this country is the acre, as of wheat it is the bushel, and of certain other articles the pound. True, the bargain in a particular instance might be without respect to such unit. In that case the principle we are discussing would not apply; but where the unit of measure is considered and treated as an element of the trade, upon which the consideration is in some part rested, it is not perceived how it can be disregarded subsequently in measuring the rights of the parties, as an immaterial matter.

The addition of the qualifying clause "more or less" relieves only the necessity for exactness. It indicates that the parties contemplated making some allowance for those inaccuracies that are usual in

such measurements, and that they each took the chance of the fact being, if ascertained with accuracy, that the quantity was somewhat more or somewhat less than was represented. The difficulty arises, in administering relief upon complaint, in determining the limit. While the courts have not set a rule applicable to all cases, in Kentucky no case to which our attention has been called has granted the relief where the deficit was less than 10 per cent., and none where it was refused where the deficit was as much or more than 10 per cent. In the early history of the state, when lands were cheap, and in consequence surveying was frequently attended with inaccuracies because, perhaps, it did not pay to take the time and go to the labor and expense necessary to secure greater exactness, more latitude for discrepancy was allowed. As values have enhanced, and surveying has been more carefully done, there is less reason for, and would be more injustice in, applying the rule of ancient times. The following cases are the basis for the principles advanced above: Harrison v. Talbot, 2 Dana, 266; Smith v. Smith, 4 Bibb, 81; Shelby v. Shelby's Heirs, 2 A. K. Marsh, 504; Hall v. Ely (Ky.) 76 S. W. 848; Anderson v. Dawson (Ky.) 118 S. W. 953; Anthony v. Hudson (Ky.) 114 S. W. 782, 131 Ky. —; Landrum & Adams v. Wells (opinion delivered November 17, 1909) 122 S. W. 213.

In the early and leading case of Harrison v. Talbot, supra, indeed throughout the cases on the subject, it appears that the court may look to extraneous evidence to show the nature of the transaction, to enable it to determine whether the sale was in gross or by the acre, or whether, under the circumstances of the particular case, equity required the

Boggs v. Bush.

granting of the relief. The action is based upon deceit or mistake. Each presupposes that the written memorial is incomplete. If the rules of evidence precluded a resort to anything but the document to determine the fact, it would often happen that the ends of equity would be defeated by the rigidity of a rule of law. The writing may in truth show that the sale was in fact in gross, or was in fact by the acre. If it does, then other evidences of the fact need not be resorted to—not because of its irrelevancy, but because it is unnecessary. A deed may be impeached, it is conceded. A prerequisite is to attack its genuineness in a proper pleading. In this kind of a case, the very essence of which is' one of the grounds for attacking a writing collaterally, it is not necessary to charge either fraud or mistake in its execution. The allegation that a conveyance of a tract of land, described as containing so many acres, erroneously mistakes the acreage to such an amount as the court will be able to· see, in the light of the attending circumstances pleaded, was beyond the probable contemplation of the parties, is such an excessive variation as to indicate fraud or mistake. When the facts pleaded are such that from them the law imputes either fraud or mistake, it need not be pleaded in terms.

In this case the discrepancy was more than 13 per cent.

The judgment should have been for the plaintiff.

Reversed and remanded.