### Rust, et al. v. Carpenter.

(Decided May 1, 1914.)

## Appeal from Ballard Circuit Court.

1. Vendor and Purchaser—Deficiency in Quantity of Land Sold—
   Abatement of Price—When Allowed.—In a sale and conveyance
   of land warranted by the vendor to contain sixty acres and
   described in the deed as sixty acres "more or less," a deficiency
   of 18 2-5 acres will entitle the vendee to an abatement in the
   purchase price to the extent that the value of the 18 2-5 acres,
   if contained in the conveyance, would have borne to the entire
   sixty-acre tract.

2. Vendor and Purchaser—When Deficiency Amounts to Ten Per
   Cent—Effect Of.—Where, in such sale, the deficiency amounts to
   ten per cent or more, the purchaser is entitled to be compen-
   sated therefor whether his purchase of the land was made by
   the acre or in gross; and whether the sale was effected through
   the fraud or mistake of the vendor; as in such case so great a
   deficit cannot be regarded as having been within the contem-
   plation of the parties.

3. Deeds—Quantity of Land—"More or Less."—The words "more or
   less" in a deed relieve only from the necessity of exactness, and
   not from gross deficiency.

HENRY F. TURNER for appellants.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Jake Rust and his wife, the appellant Emma Rust,
sold and, by deed of general warranty, conveyed to the
appellee, J. L. Carpenter, two small tracts of land in
Ballard county, described in the deed as containing, to-
gether, sixty acres, "more or less." The consideration
was $2,000.00, of which $110.00 was paid in cash,
$1,390.00 in three land notes of $463.33 1-3 each, assigned
by the grantee to Jake Rust, and for the remaining
$500.00 the grantee, by direction of Jake Rust, executed
to his son, Will Rust, a note payable four months after
date, bearing interest from date until paid and secured
by a lien on the lands conveyed.

After the maturity of the last mentioned note suit
was brought thereon and to enforce the lien retained
in the deed to secure its payment, in the court below, by
Jake Rust, Emma Rust and Will Rust; it being averred
in the petition that although the note sued on was pay-
able to Will Rust it was, in fact, the property of Jake

Rust. The appellee, J. L. Carpenter, by answer, admitted the execution by him of the note sued on, but alleged that it was without consideration, for which reason he should not be required to pay any part thereof. It was also alleged in the answer that the note was given for a part of the consideration he had agreed to pay for the two tracts of land conveyed him by Jake Rust and wife, described in the petition; and that at the time of selling and conveying the lands to him the grantor, Jake Rust, owner of the land, represented and warranted the two tracts to contain between sixty and sixty-five acres, saying, however, that it would be described in the deed as containing sixty acres "more or less"; that appellee believed and relied on this representation, was induced thereby to purchase the land and would not have done so but for same, but that the representation as to there being sixty acres in the two tracts was false, known to Jake Rust to be false, and was made by him with the intent to deceive and defraud appellee. It was further alleged in the answer that the two parcels of land in question contain only forty-one and three-fifths acres, which is eighteen and two-fifths acres less than the quantity mentioned in the deed, and that the grantor warranted them to contain; that appellee purchased the land by the acre and agreed to pay therefor $33.33 1-3 per acre, making the aggregate sum of $2,000.00; that the deficiency of eighteen and two-fifths acres in the two tracts is more than ten per cent of the whole, and by reason thereof entitled appellee to an abatement or reduction of $615.55 from the full purchase price paid and to be paid for the two tracts, or $115.55 more than the amount of the note sued on.

In the prayer of the answer it was asked:

"That the plaintiffs be required to make their warranty on said land in acreage good; that is, that the plaintiffs be charged with the shortage of eighteen and two-fifths acres; or rather that defendant have a credit of eighteen and two-fifths acres of land at the price of $33.33 1-3 per acre and the sum deducted from the purchase price of $2,000.00; and when same is done it will show that this defendant has paid plaintiffs $115.55 more than he should have paid them in addition to the note sued on, or, including the note, defendant paid plaintiffs the sum of $615.00 more than he should have done, and for which there was no consideration; and he

now asks that the plaintiffs be made and required to make their warranty to the defendant as to the acreage good, and in this settlement the plaintiffs be charged with the eighteen and two-fifths acres shortage, amounting to $615.55, and that the note sued on be cancelled and returned to defendant; and that defendant recover judgment against the plaintiffs, Jake Rust and Will Rust, for the sum of $115.55, with interest from June 22, 1912, and his costs herein expended; or, if the plaintiffs desire, he is willing to rescind the contract and convey the land back to the plaintiffs and plaintiffs return him the purchase money and interest thereon; and he asks for all general and special relief."

Upon the hearing the circuit court rescinded the contract by which appellee became the purchaser of the two parcels of land, cancelled the deed conveying him the land and also the $500.00 note sued on, and gave appellee judgment against Jake Rust and Will Rust for the $1,500.00 which he had paid on the land, with interest from the date of the judgment, and costs of the action. For this amount and costs the judgment gave appellee a lien upon the land and directed its sale in satisfaction thereof. Jake Rust, Emma Rust and Will Rust, being dissatisfied with the judgment, appealed.

The death of Jake Rust having occurred since the granting of the appeal and the appellant Will Rust having qualified as the administrator of his estate, by a proper order of revivor he, as such administrator, has been permitted to join in the prosecution of the appeal.

The evidence is conflicting as to whether Jake Rust, in making the sale of the two parcels of land to appellee, represented the quantity to be sixty acres, and also as to whether the sale was in gross or by the acre. He and his son, Will Rust, who seems to have taken some part in effecting the sale, both testified that Jake Rust did not represent the two parcels to contain sixty acres, but told appellee he did not know whether they would amount to as much as sixty acres and that he would have the deed say the quantity was sixty acres, "more or less," which would convey to appellee the excess, if any, over sixty acres, yet compel him to accept a less quantity if under sixty acres. These witnesses were equally positive in testifying that the sale of the land was made in gross and not by the acre.

It was, however, testified by appellee and five or six other witnesses, neighbors of the Rusts, that Jake Rust

in numerous conversations at the time of the sale and prior and subsequent thereto, declared that the two parcels of land contained between sixty and sixty-five acres; and appellee and one or two of these witnesses further testified that at the time of the sale he represented to appellee that they contained not less than sixty and perhaps as much as sixty-five acres. Appellee and one or more of his witnesses also testified that the land was sold to him by the acre and at the rate of $33.33 1-3 per acre.

The deficiency or shortage in the quantity of the land is undoubtedly eighteen and two-fifths acres, as claimed by appellee, this fact being established by a survey made of the land after the institution of this action; and in view of the amount or extent of this shortage it is not material whether appellee purchased it in gross or by the acre. It is a well known rule in this jurisdiction that where, in the sale of a tract of land there is a deficit of as much as ten per cent or more in the quantity, the purchaser will be entitled to relief to the extent of the value of the deficit; that is what the value of the quantity contained in the deficiency would, if included in the deed, have borne to that of the entire tract as described in the deed; and this is so whether the sale be made in gross or by the acre. The words "more or less" in a deed relieve only from the necessity for exactness and not from gross deficiency.

This rule obtains, too, whether the relief asked on account of the deficiency be based upon a claim of fraud or mistake; so, if the deficiency be as much as or more than ten per cent, relief against the same will be granted, if, at the time, the parties are ignorant of the deficiency or the vendee is deceived by the misrepresentations of the vendor as to the quantity. The above rule has been announced by this court in the following cases: Harrison v. Talbott, 2 Dana, 266; Smith v. Smith, 4 Bibb, 81; Shelby v. Shelby's Heirs, 2 A. K. Mar., 504; Hall v. Ely, 76 S. W., 48; Boggs v. Bush, 137 Ky., 95, and other cases. In some of the cases involving this question relief to the vendee has been granted by rescinding the contract, restoring to him the consideration paid for the land and giving him a lien on the land for its repayment. But these were, in the main, cases in which the deficiency was very gross and there was actual fraud in the sale, or there was no other adequate means of relief. And even in such cases the vendee was allowed the right to elect

whether he would claim a rescission or compensation in money for the loss occasioned by the deficiency.

In the instant case the circuit court properly found that there was a deficiency in the lands purchased by appellee of Jake Rust, but erred in rescinding the sale. The rescission was not claimed or prayed by appellee. On the contrary, it was his claim, sustained by the evidence, that the loss he sustained by reason of the deficiency in the lands conveyed him is $615.55, which exceeds in amount by $115.55 the note sued on by appellants. The judgment of the court should, therefore, have cancelled the note and given appellee judgment over against appellants for $115.55, with interest from the date of the judgment, and his costs. For the reasons indicated the judgment is reversed and cause remanded for the entering of a judgment that will conform to the opinion.