## Wilson v. Morris.

(Decided October 11, 1921.)

### Appeal from Pendleton Circuit Court.

1. Vendor and Purchaser—Deficiency in Quantity of Land.—A vendor who specifies in his deed the number of acres conveyed will ordinarily be liable to the vendee for any shortage in acreage which may be discovered, unless the instrument contains the condition "be the same more or less" or a similar expression in connection with the number of acres stated to be in the tract, in which event the vendor will not be held to the exact number of acres. A deficiency of less than ten per cent in the number of

acres will not be recoverable by the vendee. If, however, the shortage of acreage equal or exceed ten per cent of the total number of acres which the deed purports to convey, the vendee may recover for the entire shortage.

2. Vendor and Purchaser—Deficiency in Quantity of Land.—Where the sale of land is by the boundary, in gross and not by the acre, no recovery whatever can be had by the vendee for any supposed shortage.

M. C. SWINFORD, A. H. BARKER and BYRON & COLE for appellant.

L. T. APPLEGATE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

For some years before 1913 appellant, C. D. Wilson, owned and resided on a farm in Pendleton county which he bought at a commissioner's sale. It consisted of six small adjacent tracts, containing in the aggregate 182 acres, but there was excepted from the six small tracts a described boundary supposed to contain fifty acres, so that Wilson believed his farm contained 132 acres. It had not been surveyed nor had the excepted boundary been measured. In May, 1913, Wilson sold and by title bond agreed to convey his farm to one Insko for $4,000.00, Insko paying $600.00 down on the purchase price and agreeing to pay the balance March 1st, 1914, when Wilson was to give possession. The contract was in writing and signed by both parties. The entire purchase price having been paid by Insko to Wilson in October, 1913, the land was conveyed by Wilson and wife to appellee Morris by deed of general warranty, at the instance of Insko.

Claiming to have discovered a deficiency in acreage in the boundaries so conveyed, Morris, the grantee, commenced this action against Wilson, the grantor, in 1917, to recover $534.49, being the proportion of the purchase price which the alleged shortage of acres would total. The title bond which Wilson executed and delivered to Insko contained only a general description of the farm, stating, "in Pendleton county, on the Bradford turnpike, about six miles south-east of Falmouth, adjoining lands of Kavanaugh, Aulick, Fisher, Harbeson, Morris and Smith, containing 132 acres, be the same more or less, and being the same land conveyed to first party by master commissioner by deed dated October 30, 1899, and recorded in deed book 48, page 206, in the Pendleton county court clerk's office." The deed which Wilson made to Mor-

ris did not contain a statement of the total acreage conveyed nor the expression ''be the same more or less,'' as did the bond, but it particularly describes each of the six tracts, concluding each description with a statement of the number of acres contained, and this acreage when totaled and the excepted boundaries deducted is 132.

In defense of the action Wilson in the lower court insisted and on this appeal insists, (1) that the farm was not sold to Morris and if so sold it was in gross, by the boundary as a whole, and not by the acre, (2) there is no deficiency in the acreage conveyed or at least plaintiff has not proven same to exist.

If the sale of the farm was by the boundary without reference to the number of acres it contained and the deed had so recited, Morris would have no cause of action for any shortage of acreage. Young v. Craig, 2 Bibb 761; McCoun v. Delancy, 3 Bibb 46; Boggs v. Bush, 137 Ky. 95; Rust v. Carpenter, 158 Ky. 672.

It is also the rule that the sale of a designated number of acres, the deed containing the expression ''be the same more or less,'' or some similar expression, is the sale of the number of acres stated in the deed, and if the boundary contains not exceeding ten per cent more land the vendee will take the entire boundary under the deed without being required to make up the balance of the purchase price for the additional acreage, and if the boundary contain less than the number of acres named in the deed the vendee cannot recover a proportional part of the purchase price for the shortage unless the shortage amounts to ten per cent of the designated number of acres. If, however, the shortage equals or exceeds ten per cent the plaintiff's recovery is not confined to the excess of ten per cent only, but he may recover for all acreage less than that named in the deed.

Literally appellant Wilson did not sell the land in controversy to appellee Morris, but the sale was made to Insko, who in turn requested Wilson to convey the land to Morris, Insko having paid the full purchase price. Of course, Wilson consented to this arrangement and made the deed accordingly. It was therefore in effect a sale and conveyance by Wilson to Morris. The deed expressed in the terms, conditions of sale and described the property conveyed, and concludes with a covenant of general warranty. Thus the contract between Wilson and Morris is completely evidenced. The law does not regard the shadow, but the substance, from which it fol-

lows that Wilson's insistence that the sale was not made to Morris, a mere quibble, need not be further considered.

The second contention of appellant is much more difficult to answer. The six small tracts which make up the boundary of 182 acres from which is deducted a boundary supposed to contain 50 acres, leaving 132 acres in the farm which Wilson acquired at the commissioner's sale, are definitely described, but when such a boundary has taken from it a certain designated boundary the acreage of which is not definitely known, that which remains cannot be known with certainty. This is the gist of the contention of appellant Wilson on this appeal. It is not denied that the original boundary composed of the six small tracts contains 182 acres. Of course, if fifty acres only be taken from 182 acres there will remain 132 acres, but if a given boundary lying upon one side of the road be taken from the whole acreage there may remain more or less than 132 acres. The evidence convinces us that Wilson offered his farm for sale for $4,000.00 and declined to accept a less price without regard to the number of acres contained therein. He so stated to prospective purchasers, but when he conveyed the property he described it as 182 acres less 50 acres, thus leaving 132 acres. The evidence satisfactorily establishes the acreage to be 114 acres, a shortage of 17 acres. As ten per cent of 132 is 13 2-10 acres it is manifest the shortage is more than ten per cent of the acreage which the deed purports to convey. It has long been the rule in this jurisdiction to allow a vendee to recover for all shortage in acreage, even where the deed, after expressing the number of acres conveyed, contains the clause, "be the same more or less," if the shortage be as much as ten per cent. The deed in question contains no such provision but the bond did. Under our rule Morris was entitled to recover for the entire shortage, 17 acres. This was the amount of the judgment enteed in his favor, from which this appeal is prosecuted.

Appellant Wilson attempted to obtain a reformation of the deed by alleging that by mistake the expression "be the same more or less" was omitted therefrom. This the lower court disregarded. Had the deed been so reformed it would not have advantaged Wilson in the least under the facts of this case, for the deed fixed the number of acres at 132, and had the expression "more or less" followed it would have only indicated that the parties intended to convey 132 acres or thereabouts. Such an

expression creates a shuttle which entitles the parties to a deficiency or increase, as the case may be, not to exceed ten per cent of the acreage attempted to be conveyed.

The expression "more or less" in a deed relieves only from the necessity for exactness and not from gross deficiency. When the excess or deficiency is as much as or more than ten per cent, relief may be had. Boggs v. Bush, 137 Ky. 95; Shipp v. Swann, 2 Bibb, 82; Rust, et al. v. Carpenter, 158 Ky. 672.

The trial court, therefore, properly held as unimportant the effort of appellant Wilson to reform the writing.

For the reasons indicated the judgment is affirmed.