## Maple v. Truax.

(Decided April 27, 1923.)

### Appeal from Nelson Circuit Court.

1. Deeds—Regarded as Expressing Full Contract in Absence of Mistake.—When a deed is executed and delivered, it must be regarded as expressing the full contract between the parties, unless it be shown that by mutual mistake it fails to do so, and all former agreements are presumed to be merged in the deed.
2. Reformation of Instruments—Evidence of Mutual Mistake Must be Clear.—He who seeks the reformation of a deed on the ground that, by mutual mistake of the parties, it does not express the true agreement must sustain his claim by evidence that is clear and convincing; that is, it must logically impel the belief there was a

mutual mistake, and clearly show what the understanding and intention of the parties was.

3.  Reformation of Instruments—Statement of Consideration in Contract and Deed Held to Show Mistake in Deed.—Where a contract for the sale of land recited the total consideration written out in words, and specified the manner in which such consideration should be paid, while the deed did not state the total consideration, but did provide for the execution of the notes specified in the contract, with the exception of a modification made necessary by the assumption by the grantor of an outstanding note against the property amounting to $1,000.00 less than each of the notes which the contract required him to give, and the amount of the notes as stated in the deed, when added to the cash payments, was $1,000.00 less than the total consideration stated in the contract, the circumstances are sufficient to show that the mistake was in the deed, and to entitle the grantor to have the deed reformed so as to require payment of the additional $1,000.00.

NAT. W. HALSTEAD and L. W. ROSS for appellant.

KELLEY & KELLEY for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

By a written contract of October 27, 1919, appellant sold a farm near Bloomfield, in Nelson county, to appellee for the stated consideration of "forty-three thousand, two hundred and fifty dollars," $2,000.00 of which was paid in cash, the balance to be paid $16,000.00 on March 1, 1920, and $25,250.00 in equal installments of $6,312.50, due one, two, three and four years from March 1, 1920, with interest at the rate of six per cent. per annum until paid. On March 2, 1920, a deed of conveyance was made for the consideration of "one dollar cash in hand and other valuable consideration." It was recited in the deed, however, that for the balance of the consideration appellee had executed three promissory notes of $6,350.00 each, payable one, three and four years from that date, and had assumed the payment of a note of $5,200.00, to secure which there was a lien on the place. Appellee paid $2,000.00 when the contract was made and the $16,-000.00 when the deed was executed. On the latter date he executed his three promissory notes for $6,350.00 each and assumed the payment of the $5,200.00 lien note. Thereafter a controversy arose between the parties as to the liability for the 1920 taxes, and on investigating the matter appellant discovered, as he claims, that the amount

represented by the payments made and notes executed and assumed under the deed was $1,000.00 less than the true consideration as stated in the contract. He then instituted this suit, alleging that a mutual mistake was made in stating the consideration in the deed, and asking that the deed be reformed to show the real consideration, and, in the alternative, for judgment against appellee for $1,000.00, which he alleged was the difference between the real consideration and that represented by the payments made and notes executed. Issue was joined on this claim, proof taken, and judgment rendered dismissing the petition.

It appears in the proof that no change was made in the total amount of the consideration after the contract of October 27th was executed, and that the re-allocation of the deferred payments was necessitated by appellee's assuming the payment of the $5,200.00 note, of which he had no information on October 27th. The difference, therefore, of $1,000.00 in the consideration as computable from the two papers arises through a mistake in drafting the contract of October 27, 1919, or on account of an error in the recalculation made to meet the situation created by the assumption of the note for $5,200.00.

There is conflict in the evidence as to what was said by the parties at the time the contract of October 27th was drawn. Massey Allen, the cashier of a Bloomfield bank, prepared both papers. He testified that the contract was dictated to him by appellant in the presence of appellee; that he wrote it as dictated, and after it was signed it was placed in his safe at the bank; and that later the deed was prepared by him according to his understanding of the trade but the contract was not before him at that time. His recollection as to what occurred when the two papers were prepared is not clear, and he did not undertake to say what the total consideration was, or to explain the discrepancy between the contract and the deed. Appellee said that the consideration was $42,250.00, and also that he did not read the contract at the time it was written. On the other hand appellant testified that after the contract was written, and before it was signed, it was read by appellee, or by Mr. Allen in appellee's presence; that he first priced the farm to appellee for $44,-000.00, and finally reduced the price to $43,500.00; that appellee's first proposition to him was $43,000.00, but he finally agreed to give $250.00 more if the witnes would build a stripping room on the place; and that the trade

was closed on that basis, and later the stripping room was built. It was shown in the proof that appellee had recently sold a farm for $43,250.00 and had accepted in part payment thereof purchase money notes maturing in the succeeding years on March 1st.

It is insisted that the judgment of the court below is correct on the theory that when a deed is executed and delivered it must be regarded as expressing the full contract, unless it be shown that by mutual mistake it fails to express the true agreement between the parties; also, that all former agreements are presumed to be merged into the deed and the grantor is presumed to have known its contents and is bound by its recitals, unless he can show fraud or mistake inducing its execution. These propositions are sound. Creekmore v. Bryant, 158 Ky. 166; Cornett v. Kentucky River Coal Co., 175 Ky. 718. Furthermore, it must be conceded, as contended by counsel for appellee, that he who seeks the reformation of a deed on the ground that by mutual mistake of the parties it does not express the true agreement must sustain his claim by evidence that is clear and convincing. Griffith v. York, 152 Ky. 14; Ison v. Sanders, 163 Ky. 605; Johnson v. Gadberry, 174 Ky. 62. Such evidence has been held to be that which reasonably and logically impels the belief that there was a mutual mistake in the instrument and points the way to a reformation conformable to what is clearly made to appear to have been the understanding and intention of the parties in executing it. Robinson, etc. v. Eastern Gulf Oil Co., etc., 196 Ky. 385.

With this rule in mind, it would not be difficult to concur in the conclusion of the chancellor if it were not for the difference in the manner in which the considerations are stated in the two papers. The contract of October 27th recites that the consideration is "forty-three thousand, two hundred and fifty dollars." This recitation and the references to the deferred payments are not in numerals, but are written out in the body of the instrument. On the other hand, the deed of March 2, 1920, does not purport to state the full consideration, but merely states a consideration of "one dollar cash in hand and other valuable consideration," and then refers to the three promissory notes for stipulated amounts and to appellee's agreement to pay the lien note of $5,200.00. If a miscalculation was made in readjusting the deferred payments, that fact was not exhibited on the face of the deed, whereas if a mistake had been made in stating the

total consideration in the contract, it would have been at once apparent to any one to whom the paper was read. It is true that appellee testified that he did not read the contract, but there is evidence tending to show that he did read it, or that it was read in his presence, and, according to Allen's testimony, it was written by him as dictated in the presence of appellee. In view of the re. allocation carried into the deed of March 2nd and the incompleteness of the consideration therein stated, it is easier to understand how an error could have been incorporated into that instrument than to perceive how a mistake would have been written unnoticed into the full consideration expressed in the contract of October 27, 1919. The difference between the papers in regard to the respective considerations stated indicates that the error was made in reallocating the deferred payments and carried into the deed of conveyance, and not made in writing the full consideration expressed in the contract of October 27th. The inferences that must necessarily be drawn from the two instruments together with the evidence are, in our opinion, sufficient to sustain the burden assumed by appellant.

In that view of the effect of the evidence the judgment is reversed and the cause remanded, with direction to the court below to render a judgment in favor of appellant for $1,000.00, with interest from the date from which it would have borne interest had that sum been included in the notes executed to cover the deferred payments on the farm.