## Spillman, et al. v. Wheeler, etc.

(Decided June 9, 1925.)

### Appeal from Trimble Circuit Court.

Vendor and Purchaser—Purchaser Entitled to Recover for Acreage Deficiency of More than 10 Per Cent.—Where deed described tract by metes and bounds and as containing 299¼ acres, but excluded described tracts of 50 and 100 acres, purchaser held entitled to recover for shortage amounting to over 10 per cent, without any allegation of fraud, or reformation of deed.

EDWARDS, ODGEN & PEAK and EUGENE TANDY for appellants.

H. B. KINSOLVING, JR., TURNER & TURNER and KINSOLVING, RIVES, SMITH & BLACK for appellees.

Opinion of the Court by Judge Sampson—Affirming.

Appellants, Elmer Spillman, et al., were the owners in 1918 of the old J. W. Bell farm in Trimble county. It contained 299¼ acres, according to the title papers, but J. W. Bell in his lifetime sold off two tracts, leaving a boundary of approximately 149¼ acres, as they believed. They sold this balance to J. L. Wheeler and Edgar M. Wheeler for $17,075.00. The boundary in the deed gave the metes and bounds, concluding: ''Thence to the beginning, containing 299¼ acres and 37 poles. But . . .

from the above described tract of land there is to be excluded the two following parcels of land:

"Tract One: A tract sold by J. W. Bell and his wife to Dora L. B. Hunter March 5th, 1920, and thus described: Bounded on the north by the waters of Pattons creek, on the east by the lands of Robert Satterwhite, on the south by the lands of James Dailey, and on the west by the lands of Henry Jones, containing 50 acres, be the same more or less, recorded in book 37, page 439.

"Second Tract: Beginning at a sugar tree corner in J. W. Bell and Pete Klineline's line, thence N. to Patton's creek to a red oak tree in the edge of the creek, thence up the creek with the meanders thereof to Wright's line, thence with Wright's line, a northerly course to Pete Klineline's corner in Wright's line, thence with Klineline's line a westerly course to the place of beginning, containing 100 acres more or less, conveyed to J. W. Bell and wife to Robert Satterwhite by deed dated March 21, 1900, and recorded in book 31 at page 500, Oldham county court clerk's office."

Appellees, Wheelers, conveyed the land to *another* who was at the time of the preparation of this case the owner thereof. After he purchased it he caused the tract to be surveyed and found, after excluding the two boundaries described above, that there was only 117 acres left in the tract. Thereupon the Wheelers brought this action against Mrs. Spillman and the other Bell heirs to recover something more than $1,500.00 on account of deficit in acreage.

Appellants traversed the material averments of the petition especially with respect to the shortage of acreage. Further pleading they averred the tract of land which they conveyed to appellees came to them by inheritance and contained 299 acres, but that their ancestor, J. W. Bell, who owned the land for a number of years, sold off two tracts described in the deed, the number of acres contained in each of them not being definitely known; that the appellees had lived in the neighborhood of the farm for many years and were well acquainted with its boundaries and that they bought the tract as a boundary and not by the acre. Issue being joined the parties took proof. The Wheelers testified that appellants, through themselves and their agents, represented to them that the tract

contained 149¼ acres and that they purchased the tract believing it contained that number of acres and paid the consideration upon that basis. The substance of the evidence for the appellants is that the sale was by the boundary and not by the acre and that no reference was made to the acreage of the tract except as mere description. The chancellor found that there was a shortage in acreage and adjudged the Wheelers recover of Mrs. Spillman, et al. the sum of $1,440.00 with interest from November 15, 1922, and their cost. From that judgment this appeal is prosecuted.

In brief for appellants it is said that the fundamental principles involved in this case were settled in Harrison v. Talbot, 2 Dana 258, Chief Justice Robertson writing for this court, and that the petition in this case seeks to recover alone upon alleged mutual mistake and verbal representations as to the quantity of the land and does not seek a reformation of the contract, nor does it allege that the verbal representations were falsely and fraudulently made for the purpose of deceiving appellees. Therefore, the demurrer to the petition should have been sustained. It is true that the principles laid down in the case of Harrison v. Talbot, *supra,* have been frequently recognized and followed by this court in cases involving deficiencies in acreage of lands, but we do not think the facts of this case bring it within the principles there announced. Neither are the rules stated in Beckley v. Gilmore, 192 Ky. 744, applicable to this case, but it is governed by the rules adherred to in Wilson v. Morris, 192 Ky. 469. The facts in the latter case are so like the ones of this case that they cannot be distinguished. A parcel of land had been sold from the boundary in the Wilson-Morris case before the disputed boundary was conveyed, just as in this case. The shortage in acreage was discovered after a resale had been made and the lands surveyed. The facts in that respect are also similar to the ones now before us. The shortage in acreage was shown in much the same way it is proven in this case, and we held that the grantors were liable to the grantees for the deficiency. No reformation of the writing was asked or required. None was sought in this case. The deed set forth the facts. According to that instrument the tract contained 299¼ acres. If the deficiency had been less than ten per cent (10%) of the 149¼ acres represented as conveyed, appellees would have been without remedy, but the deficiency was more than that, and an action in their favor

will lie to recover for the deficiency. In the Beckley-Gilmore case the deed did not recite the number of acres and it was necessary to have reformation of the contract before the plaintiffs could recover. Not so here, for the facts are shown in the deed. No reformation was necessary. The cases are clearly distinguishable.

The decree of the chancellor is fully supported by the evidence, and we find no reason to disturb it.

Judgment affirmed.