## White's Executor, et al. v. Manning, et al.

(Decided March 4, 1927.)

### Appeal from Lincoln Circuit Court.

Reformation of Instruments—Evidence Held Insufficient to Show Mutual Mistake in Executing Deed and Note Requiring Interest Only from Maturity.—Evidence held not to show mutual mistake, in execution of deed and note as purchase price, relative to provision therein that note should draw interest from maturity, in contradiction to contract providing that note should bear interest from date.

J. S. LUSCHER for appellants.

K. S. ALCORN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, whom we shall refer to as the plaintiffs, began this action against the appellees, whom we

shall refer to as the defendants, to enforce the collection of nine purchase money notes. Their petition was dismissed, and they have appealed. On January 1, 1922, Mary V. White and her husband, T. M. White, and Lilly White, a daughter of these two, executed to Thomas and Alice Manning a deed by which they conveyed to the defendants a certain farm of about 57 acres in Lincoln county, Kentucky; the consideration, which we have copied from the deed, was:

"Eight thousand ($8,000.00) dollars, of which amount sixteen hundred ($1,600.00) dollars, is cash in hand paid, the receipt of which is hereby acknowledged, and the remaining six thousand four hundred ($6,400.00) dollars is evidenced by twelve notes of even date herewith, ten of which notes are for the sum of six hundred ($600.00) dollars each and due and payable, 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 years, after date and the other two notes are for two hundred dollars ($200.00) each and both due 11 years after date with interest at the rate of six per cent per annum from *maturity* until paid."

Later in this deed there is this provision:

"If the parties of the second part fail to pay any of the said notes at maturity, then all the notes remaining unpaid shall become due and payable at once; the parties of the second part have the right and privilege of paying said notes in installment of fifty ($50.00) dollars or more each month, said installment to be on the 1st day of each month and of every month after date of said notes, and the collection of said notes shall not be enforced so long as the parties of the second part pay said monthly installments and interest on each note as due."

When the first of these notes fell due on January 1, 1923, although that note expressly, on its face, provided that interest should only be paid from maturity, the plaintiffs demanded and collected from the defendants, interest on that note from January 1, 1922. The same was true of the note due January 1, 1924; but on the note due January 1, 1925, the defendants only paid the face thereof, and refused to pay any interest thereon, and thereupon the plaintiffs began this action, alleging that by failure of the defendants to pay the interest on this

note, the clause in said deed copied above has been set in operation, and that all of these notes are now due, and the plaintiffs sought by this action to collect them, as well as to enforce a lien upon this farm to secure their payments, and to have these notes and this deed so reformed as to read, "With interest from date until paid," instead of "With interest from maturity until paid." Plaintiffs alleged in their petition that it was the contract between plaintiffs and defendants that these notes should bear interest from date, and that the insertion of the provision that they should bear interest from maturity resulted from mutual mistake and oversight. The answer of the defendants put these things in issue.

This deed had been preceded by a contract between these parties and in that contract it was provided that these notes should bear interest from date. From the proof in the case, it appears that this farm was probably worth about $4,000.00 at the time of this sale. Manning and his wife had a son killed in France during the World War, and were receiving from the government $57.50 a month on account thereof. They desired to secure for themselves a home with this money, and their evidence is that they agreed to pay an extravagant price for this farm because the plaintiffs were willing to accept monthly payments thereon and to give them a long time without interest, in which to pay for it. Of course, the contract is against them, for it says that these notes were to bear interest from date, but Manning and his wife testified such was not the true contract, and when the time came to draw the deed, the draftsman of the deed, in the presence of C. J. White, who conducted these negotiations for the plaintiffs, made specific inquiry about the interest on these notes, and he testifies that C. J. White then told him the notes were to bear interest from maturity, and that he so wrote the deed. The notes were prepared by C. J. White himself, and all twelve of them contain a provision for interest from maturity. Manning and his wife, who were present at that time, support the draftsman of the instrument in this statement. Of course, C. J. White denies it. There was a dispute between these people about whether or not this original writing truly expressed their contract about interest on these notes. When this deed was drawn it was drawn according to the contention of Manning and his wife and the contract became merged into the deed. The

plaintiff's are presumed to have known the contents of this deed when they signed it. They are bound by its recitals, unless they can show fraud or mistake inducing its execution.

The plaintiffs rely upon the case of Maple v. Truax, 198 Ky. 801, 250 S. W. 124. The trial court refussed to reform the deed in the Maple case, and that judgment was reversed, but a simple addition demonstrates so clearly that an error of $1,000.00 was made in that case, that it would have been a miscarriage of justice had the deed not been reformed. It appeared in that case there had been no change made in the consideration after the original contract was executed, whereas in this case, there was a claim that the original writing did not express the true contract between these parties, and it further appeared that there was a change made, and it was provided that these notes should not bear interest until maturity. They also cite and rely upon the case of Creekmore v. Bryant, 158 Ky. 166, 164 S. W. 337, but that case does not sustain their position. That case states that in the absence of fraud or mistake a title bond to land is merged into a subsequent deed executed, delivered and accepted by the parties for the purpose of carrying the title bond into effect, and the deed expresses the final and entire contract between the parties, and instead of supporting the contention of the plaintiff, it is against it. The same is true of the other authorities relied on by them.

The plaintiffs contend there was a mistake made here. The defendants contend there was none. Instead of the evidence being clear and convincing that there was a mistake, the preponderance of the evidence shows that there was not a mistake. There was a controversy between these parties about the provision in the original contract that these notes should bear interest from date. Evidently that controversy was settled in favor of the defendants by accepting their version of the true contract, and the deed supports the defendants in their contention. When we measure the evidence in this case by what was said in the recent case of Morris v. Gilliam, 213 Ky. 763, 281 S. W. 1026, its insufficiency becomes positively glaring.

By subsection 9 of rule 3 of this court, there must be attached to a transcript an index showing the name of each witness and the page on which his testimony begins.

The clerk in making the transcript in this case contented himself with the bare statement, "Depositions for plaintiff, 36-68. Depositions for defendant, 94-143." Before this case could be studied intelligently, it was necessary for this court to index the record, which was something the clerk of the trial court should have done. Clerks will greatly assist this court by observing these rules.

We find no error in the judgment, and it is affirmed.