## Riner et al. v. Catron et al.

(Decided March 19, 1929.)

BECKHAM & GILBERT and DISHMAN, TINSLEY & DISHMAN for appellants.

J. D. TUGGLE and SAWYER SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

This is a suit for the recovery of the value of deficiency in land conveyed by the appellee J. F. Catron to the appellants S. K. Riner and W. C. Hanna, partners, in June, 1919. The appeal seeks a reversal of the judgment rendered in December, 1926, dismissing the petition.

The facts material to a decision of the case are these: For the purpose of subdividing into lots and small tracts, appellants agreed to buy from appellee a parcel of land lying adjacent to the city of Barbourville. Appellants testify that a brief memorandum was then made which showed the sale and purchase of 80 acres for $11,000; and that about two weeks later a formal contract was executed containing a similar recitation. Both of these papers had been lost. The appellee only indirectly denied their contents. He was aware of the purpose for which the appellants were acquiring the property, and it was understood between them that when the lots had been sold he would execute deeds directly to the purchasers. Acting under the contract, they took possession of the property and had it laid off in streets, lots, and parcels; but there was no survey made of the tract as a whole. The lot sale was advertised for July 5, 1919, and on the day before or the morning of the sale appellants testify they learned from an addition of the respective areas of the lots that there was considerably less than 80 acres in the whole body. They went to appellee and advised him of their discovery and asked what he intended to do about the shortage. He replied that he would do nothing. Having expended a considerable sum in developing the tract and preparing for the auction sale that day, under advice of counsel, they proceeded with the sale. In the meantime it had been de-

cided as a matter of convenience to have Catron and wife convey the whole tract to appellants' agent, C. E. Harness, a single man, and to have Harness make the separate conveyances to the purchasers of the lots. Accordingly, a deed was prepared from Catron to him containing the description of the property "so as to make the tract equal to about 80 acres." This deed was duly executed and acknowledged by appellee and wife and delivered to the agent, Harness, on the morning of July 5, 1919. Before that, appellants say they advised Catron of their intention to hold him responsible for the shortage, and this was the condition under which the deed was accepted. These things are not denied.

The evidence of the appellee was that as he was reading the deed before signing it, on coming to the clause respecting the acreage, he asked appellants how the figures were arrived at, stated that he did not know the acreage, and detailed to them facts as to his acquisition of the land and the exceptions of certain parcels from his deed. He told them that he was selling it by the boundary. According to his testimony, one of the appellants responded that the acreage had been put in as a matter of form and they knew what they were getting and it was all right. This was emphatically denied.

But whatever may have been this conversation or other negotiations, all were merged in the deed, which was deliberately executed, acknowledged, and delivered by appellee (who is a lawyer), knowing what it contained. He is bound by that deed and its terms, in the absence of a reformation of the instrument. Maple v. Truax, 198 Ky. 801, 250 S. W. 124.

The right to recover for a deficit or surplus in land is based on deceit or mistake by reason of which one has been required to pay for something he did not get or has gotten something for which he has not paid. An expression "more or less" or "about" only relieves the quantity of exactness and indicates the parties expected some inaccuracy in measurement. But 10 per cent. has arbitrarily been fixed and followed throughout the years, as measuring deficiencies or surpluses which were within or not within the contemplation of the parties; and where there is an excess either way greater than that percentage, equity requires an adjustment. Where land is sold by the acre (as appellants contend this was done), the 10 per cent. rule does not apply and recovery may be had for any deficiency no matter how small. Where the

sale is in gross (as appellee contends) that standard applies. Boggs v. Bush, 137 Ky. 95, 122 S. W. 220; Rust v. Carpenter, 158 Ky. 672, 166 S. W. 180; Hartsfield v. Wray, 181 Ky. 836, 205 S. W. 965; Hunter v. Keightley, 184 Ky. 835, 213 S. W. 201; Morris v. McDonald, 196 Ky. 716, 245 S. W. 903.

The clause in this deed is unusual. There is a conveyance of so much land as will be "equal to" a designated number of acres, to-wit, "about 80 acres," and the description is given as a representation of there being that quantity. Ordinarily it is the converse, the conveyance being of a specifically described body of land with the acreage stated for the purpose and as a part of the description. If there be any materiality in this, it is to indicate that appellants were buying 80 acres of land, and appellee was bound to convey that quantity regardless of the description.

We have given careful consideration to the evidence of the surveyors and engineers, several of whom testified. They all differ as to the area of the tract, varying from 67½ to 79 acres. It was very irregular in shape, having 52 corners, and an accurate calculation as to the exact quantity contained was difficult. The defendant's surveyor, whose calls are the basis of other evidence in his behalf, used a compass instead of a transit in his work, and his calculations were by triangulation. By this method he ascertained the acreage to be 73.85. Plaintiffs' witnesses, taking the courses and distances as thus presented and applying the more accurate method of calculating by latitude and departure, testified that the acreage based on those calls is 70¼ instead of 73.85. Considering the manner in which appellants' engineer surveyed the tract, and the calculations made on those calls by the accurate method of latitude and departure (see Hunter v. Keightley, supra, where such method was followed), we conclude that under the evidence the tract contains not more than 70 acres. There appears, therefore, to be a deficiency of 10 acres, and, since this is in excess of 10 per cent. of the quantity conveyed by the deed, the appellants are entitled to recover the proportionate value thereof, unless appellee has otherwise shown himself entitled to relief under the law.

The plaintiffs alleged that the acreage in the tract had been fraudulently or mistakenly represented to them as being about 80 acres, and that they had relied upon

that representation. Appellee's answer traversed this and other allegations and affirmatively pleaded that the deed had been accepted by plaintiffs with full knowledge of the fact that the acreage was not known to him and that the sale was in gross; that they had purchased the boundary without reference to the number of acres contained in it, and had accepted the deed therefor and paid the consideration. Appellee pleaded that plaintiffs knew the actual number of acres contained in it at the time he executed the deed and concealed that knowledge from him; that the clause "about 80 acres" was written in the deed "at the instance and suggestion of the plaintiffs at a time they had all of said information, (and) if said land should not contain 80 acres, then said words are a mistake as to these defendants and said mistake was caused by the suggestion and conduct of plaintiffs." But no reformation of the deed was sought, and the plea is not sufficient to relieve the appellee of his commitments. Even if the pleading should be considered sufficient, the evidence is not of that clear and convincing character as would justify reformation. Maple v. Truax, supra.

As respecting the conveyance itself, appellee relies for relief on Louisville Soap Co. v. Louisville Cotton Oil Co., 168 Ky. 340, 182 S. W. 181. In that case, however, the sale was of a manufacturing plant without reference to the area of the land. In such instances no recovery for a deficit can be had. See, also, Wilson v. Morris, 192 Ky. 469, 233 S. W. 1049. In Hunter v. Keightley, supra, the Louisville case was distinguished in this language from cases like the instant one:

"In that case there was never any representation by the vendor as to the quantity of land sold; the vendee was perfectly familiar with the external boundaries of the lot, and bought it as a manufacturing plant and not because it contained any understood or supposed quantity of land. Besides the vendee before the deed was executed to him or he had accepted it learned the exact amount of land contained in the lot and with that knowledge he accepted the deed and paid the consideration without murmur, complaint or protest. It was found from the evidence that the transaction concerned only the sale of a manufacturing plant by one company to another one engaged in like business and that the vendee obtained by his deed all that he contracted for

and that there was no evidence from which it could be presumed that there was any mistake upon the part of any one as to the quantity of land sold."

There is another material difference in the Louisville case and the one at bar. Here appellants took possession of the property under a contract containing a stipulation as to the number of acres and had such possession when the deed was delivered to them.

At the time the deed was delivered appellants paid $4,500 of the purchase money and gave notes for the balance of $6,500. Two or three days after the sale, they paid these notes before maturity in order to clear the title, as they say, and to enable them to give good title to the purchasers of the lots. There is nothing in the record to show it was otherwise. They had already notified the vendor of their purpose to seek to hold him liable for any shortage. Appellee contends that this payment bars a recovery for the deficit. It may be said that he did not plead an estoppel, and if he had the circumstances in this record are not such as would have sustained the plea.

On both reason and authority appellants have the right to recover what they paid on account of the deficit —for something they did not get.

In Chilton v. Head, 193 Ky. 768, 237 S. W. 422, the pioneer case of Harrison v. Talbot, 2 Dana, 258, is referred to, and the doctrine there laid down and subsequently followed is shown to be: "That where it is apparent there has been a gross mistake as to the quantity, and the complaining party is not guilty of any fraud or culpable negligence nor otherwise has forfeited or waived his equity resulting from the mistake, he is entitled to relief from the technical or legal effect of his contract, whether it be executed or only executory."

Other recent cases along this line are: Hunter v. Keightley, 184 Ky. 835, 213 S. W. 201; Foxwell v. Justice, 191 Ky. 749, 231 S. W. 509; Wilson v. Morris, 192 Ky. 469, 233 S. W. 1049; Morris v. McDonald, 196 Ky. 716, 245 S. W. 903.

The lower court having reached a different conclusion, the judgment is reversed and remanded.