## Blair v. Mammoth Cave Nat. Park Ass'n.

(Decided Jan. 21, 1936.)

V. R. LOGAN for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

For the recited consideration of $2,625 paid in cash, A. W. Blair and wife executed and delivered to the Mammoth Cave National Park Association a deed to a tract of land located in Edmonson county, north of the Green river. The deed recites that it was executed on October 9, 1929, but the certificate of the notary public who took the acknowledgements of the grantors states that it was executed on October 15, 1929. The tract was described by metes and bounds and as containing 262½ acres, more or less. On January 10, 1930, A. W. Blair and wife executed and delivered to the Mammoth Cave National Park Association a deed to a tract of land located in Edmonson county, on the south side of Green river. The consideration named in the deed was $2,000, evidenced by the promissory note of the grantee, due on or before November 7, 1930. The tract was described as containing 40 acres, more or less. It was not described by metes and bounds, but as being bounded on its

various sides by the lands of certain landowners. Both deeds were recorded in the office of the clerk of the Edmonson county court on July 19, 1930. The delay in recording them was caused by the discovery of defects in the titles to the two tracts of land, particularly to the 40-acre tract. Appellant's title to the other tract was perfected immediately, but several defects were found in his title to the 40-acre tract, and several months elapsed before he was able to correct them. Some time in 1931, the appellee had the 40-acre tract surveyed, and found that it contained 71.2 acres of land. Thereupon, appellant brought this action to recover for the excess, at the rate of $84.37 per acre. Although the consideration for the 40-acre tract recited in the deed was $2,000, the appellant alleged that the real consideration was $3,375, or at the rate of $84.37 per acre, and he sought to recover $2,631.34.

It is conceded that the consideration for the two tracts of land was $6,000, and that appellee agreed to pay appellant $5,000 and to cancel a subscription for $1,000, which he had made to the Mammoth Cave National Park Association. Appellant claims that the sales of the two tracts of land were separate transactions, and that each tract was sold by the acre, while appellee claims that it purchased the two tracts under one contract for a single consideration, and that the sale was in gross and not by the acre.

Appellant testified that he first negotiated with appellee for the sale of the 262½-acre tract, and that after the sale of that tract had been consummated, and on the same day, he sold to appellee the 40-acre tract. He admitted that the transaction occurred in Louisville, Ky., with Judge Huston Quin, president, and Mr. Blakey Helm, treasurer, of the Mammoth Cave National Park Association. Judge Quin and Mr. Helm both testified positively that the two tracts of land were purchased at the same time for a single consideration, and that the sale was in gross and not by the acre. The deed to the 262½-acre tract was accepted because the title was clear, and $1,000 was paid to the appellant on the purchase price. Before the title to the 40-acre tract had been perfected and the deed accepted, an additional $2,000 payment was made to appellant. The 262½-acre tract was surveyed, and it was found that it contained only 237¼ acres. The two deeds called

for a total of 302.5 acres, while the two tracts actually contained 308.44 acres, or 5.99 acres more than the deeds called for. The circuit court adjudged that the two tracts of land were sold in gross for one consideration, and, the excess acreage being less than 10 per cent., denied the plaintiff any recovery and dismissed his petition.

Appellant insists that the testimony of Judge Quin and Mr. Helm was inadmissible, since its purpose was to vary the terms of a written contract, and there was no effort to reform the deeds on the ground of fraud or mistake. If the testimony was admissible, the judgment must be affirmed, since it convincingly shows that the two tracts of land were sold in gross for a single consideration.

The evidence of which complaint is made was not introduced for the purpose of varying the terms of a written contract, but to show the real consideration and the circumstances under which the contract was made. The issue in the case was whether or not the two tracts of land were sold in gross for a single consideration. The deeds contained no provisions which tended to throw any light on this issue, and the testimony in question was competent to show the extent of the surplus and the nature of the contract as disclosed by the conduct of the parties and the circumstances surroundng the entire transaction. Landrum & Adams v. Wells (Ky.) 122 S. W. 213; Collins v. Stodghill, 79 S. W. 185, 25 Ky. Law Rep. 2015; Harrison v. Talbott, 2 Dana, 258.

In Boggs v. Bush, 137 Ky. 95, 122 S.W. 220, 222, the court said:

"In the early and leading case of Harrison v. Talbot, supra, indeed throughout the cases on the subject, it appears that the court may look to extraneous evidence to show the nature of the transaction, to enable it to determine whether the sale was in gross or by the acre, or whether, under the circumstances of the particular case, equity required the granting of the relief."

In Taylor v. Williams, 199 Ky. 154, 250 S.W. 820, it was held that the rule, that all agreements and understandings between the contracting parties are merged in the written contract unless by the terms of

the writing the parties stipulate otherwise, does not apply to a contract for the sale of land described by its boundaries, for a stated sum, with a statement as to the acreage, so as to exclude evidence of circumstances showing that the contract was for the sale of the tract in bulk and not by the acre.

The evidence sustained the chancellor's findings that the two tracts were sold in gross for one consideration. The excess acreage being less than 2 per cent., the chancellor correctly adjudged that the plaintiff was not entitled to the relief sought by him. Riner v. Catron, 230 Ky. 290, 19 S. W. (2d) 970; Hunter v. Keightley, 184 Ky. 835, 213 S. W. 201; Rust v. Carpenter, 158 Ky. 672, 166 S. W. 180; Boggs v. Bush, supra.

Judgment is affirmed.