Robert MAXWELL and Mrs. Lela Sosh, Personal Representative of the Estate of Raymond Sosh, Deceased, Appellants,

v.

Maurice F. MOORMAN, Sr., and Annorah S. Moorman, Appellees.

Court of Appeals of Kentucky.

April 25, 1975.

Marshall P. Eldred, Jr., Timothy W. Martin, Brown, Todd & Heyburn, Louisville, for appellants.

McConnell & Haugh, Louisville, for appellees.

ARMAND ANGELUCCI, Special Commissioner.

This is an action for a proportionate reduction in the purchase price of certain tracts of land because of an alleged acreage deficiency. The Jefferson Circuit Court sustained the defendants' motion to dismiss the complaint and granted judgment for the defendants. From that ruling the plaintiffs bring this appeal.

The relevant facts are those alleged in the appellants' complaint, briefly reviewed here.

On November 9, 1963, the appellees, Maurice F. and Annorah S. Moorman, executed a contract for deed to sell farm land in Breckinridge County, Kentucky, to

Ford and Anna R. Whitman. The land consisted of three tracts, described in the contract and agreement by metes and bounds with a total stated acreage of over 460 acres. The purchase price was set at $20,000.

On January 8, 1966, the Whitmans, who had been making installment payments for the land, assigned their interest in the contract to the appellant Robert Maxwell and his father, Raymond Sosh (since deceased, appellant Mrs. Lela Sosh being the personal representative of his estate). Under the terms of the assignment of the land contract the appellants reimbursed the Whitmans for all of the payments made to the Moormans and the appellants assumed all of the obligations under the contract for deed. The assignment, which was expressly authorized under the contract for deed, contained basically the same metes and bounds descriptions of the three tracts and the appellants state that at the time the assignment was made they believed that the property so described in the assignment and the contract actually contained over 460 acres and they relied on the described amounts and did not intend to risk the contingency of quantity.

On March 12, 1969, the appellants entered into a sales contract with Charles, Eugene and Dan Fentress for the same property. Before payment of the balance due under this contract, however, the buyers notified the appellants that the property described contained significantly less than 460 acres. The parties then employed an engineer to prepare a survey, which revealed that the three tracts contained only 355.9 acres. As a result of this deficiency the appellants were compelled to reduce the sale price to the Fentresses from $40,000 to $31,000.

In order to receive a deed of conveyance from the Moormans, so that the appellants could carry out their obligations under the sales contract with the Fentresses, it was necessary for the appellants to pay the balance due under the original contract for deed. The appellants paid this balance under protest after the appellees refused to reduce the $20,000 price to reflect the alleged deficiency. Thereupon, the appellants brought this action seeking a refund of $4,566, representing the proportionate amount of the purchase price received by the Moormans for the alleged 105-acre deficiency, which would be 22.83% of the amount involved.

The dispositive issue on this appeal is whether a vendee's assignee can maintain an action for abatement of the purchase price on account of an acreage deficiency against the vendor, or whether the assignee must look to his assignor for relief. The main thrust of the appellees' defense and the basis of the decision in the court below was that a claim for abatement of price because of an acreage deficiency rests on fraud or mistake, the right to assert which depends upon *privity of contract,* and that since the assignee does not have privity of contract with the vendor the assignee cannot recover for fraud or mistake in the original transaction between the vendor and the assignor.

It is true that in Boggs v. Bush, 137 Ky. 95, 122 S.W. 220 (1909), this court said that the claim in a suit based on an acreage deficiency is "for the deceit practiced by the successful party" or "upon the mutual mistake of the parties." However, the opinion in Boggs makes clear that the fraud or mistake (in the case of a sale in gross where the deficiency is ten percent or more) is *presumed,* and the opinion says that fraud or mistake need not be specifically alleged. Subsequent cases, many of which are cited in Wallace v. Cummins, Ky., 334 S.W.2d 904 (1960) evidence that in the "ten-percent" cases the fraud or mistake is *presumed,* and the opinion in *Wallace* points out that the application of the rule is "almost automatic."

Since the rule rests on a presumption of fraud or mistake, we are not fully persuaded that recovery should be denied to an assignee of a land-purchase contract simply by reason of the fact that the right

of action has been classified as being in the fraud-or-mistake category. We can see a clear distinction between a *presumed* mistake or fraud as to *quantity* and an *actual* mistake or fraud as to *quality*, which latter would be limited in actual operative effect to the original vendee. We think that the right of recovery for acreage deficiency is based simply on broad principles of equity, and where the equitable considerations apply equally to the assignee as to the original vendee, we seen no reason why the assignee should not be permitted recovery against the vendor.

However, without regard to the validity of the proposition above discussed, it is our opinion that under the circumstances of this case the assignees were in all practical aspects in a situation of privity of contract with the vendors, the same as in Wilson v. Morris, 192 Ky. 469, 233 S.W. 1049 (1921). The assignees made the bulk of the payments for the land directly to the vendors, who dealt with them in place of the original vendee. And the *deed* was executed directly to the assignees.

■■ It is our conclusion that the appellants were entitled to seek recovery from the appellees. The appellees' right to defend will include any defenses they could have asserted against the original vendees.

■ The appellees maintain that if a contract with the appellants is to be found the descriptions originally rendered by the appellees are correct. This is a factual matter and is inappropriate for consideration here.

■■ The secondary issue raised by the parties as to whether the appellees are equitably estopped from denying liability need not be considered since the appellants are held to have stated a claim on other grounds. To touch upon a final subsidiary issue raised by the appellants, the payment of the purchase price rendered the appellants real parties in interest so as to be entitled to bring this action in their own names, under CR 17.01, and the lack of

any interest by the Whitmans and the ability to grant complete relief in their absence, without increasing the risk to any party, would make it clear that the Whitmans are not indispensable parties whose joinder is required by CR 19.01. See Root v. John Deere Co. of Indianapolis, Inc., Ky., 413 S.W.2d 901 (1967).

It is our conclusion that the appellants stated a valid claim for relief and, therefore, the chancellor erred in dismissing the action.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.