## Brown v. Nunley.

(Decided November 24, 1914.)

### Appeal from Graves Circuit Court.

Land—Sale in Gross.—Where "B" purchased a tract of land containing 75 acres, more or less, and after selling a part of it to "A," sold the remainder to "M," the deed to "M" stipulating that it was 50 acres of the 75 acres bought from "A," the circumstances surrounding the transaction showed that the sale embraced all that remained of the 75 acre tract, and "B" was not entitled to recover from "M" the excess of 5 acres over the 50 acres that the boundary contained.

HESTER & HESTER for appellant.

JOHNSTON & WYMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, as plaintiff below, brought this suit to recover a piece of land containing five acres and 157 poles that he averred was wrongfully in the possession of the defendant, now appellee, Nunley. On a trial before a jury, there was a verdict and judgment in the lower court in favor of the defendant, and the plaintiff appeals.

It appears that in 1902 Brown bought from Ed Moore a tract of land described in the deed as containing 75 acres, more or less, and bounded in a general way by the land of surrounding owners.

Some time previous to 1907, Brown sold about thirty-five acres of this land, and in March, 1907, he sold to Nunley a tract of land described in the deed as being "50 acres of land off of the east side of the following described land: Namely, being 75 acres, more or less," and then follows a description of the 75 acres, more or less, bought from Moore.

In 1912, the western line of this 50-acre tract, and which joined F. J. Colley's land, was surveyed to settle some dispute that had come up between Colley and Nunley as to the location of this line, and it appears that at the same time the tract of land purchased by Nunley from Brown was surveyed, and it was found that it contained 55 acres and 157 poles. Some time after this, Brown learned of the survey and the quantity of acres ascertained to be in the tract, and, in 1913, he brought

this suit against Nunley to recover the five acres and 157 poles, which is worth about $150.

The case for Brown was put upon the ground that he sold and conveyed to Nunley only 50 acres of land, and, therefore, he remained the owner of and was entitled to the excess over this acreage; while the defense of Nunley was that he bought by the boundary all that was left of the 75 acres, and the recital that it contained 50 acres was put in the deed merely to describe the number of acres supposed to be in this boundary.

There is evidence on the part of several witnesses that when the line was surveyed between Nunley and Colley, Nunley said, in substance, that he had bought only 50 acres, and that was all that he wanted. As to what took place between the parties when the deed was made, Brown testifies, in substance, that he sold Nunley only 50 acres of the land, which was all that Nunley wanted to buy; while Nunley's evidence is that he would not take the tract unless it contained at least 50 acres, for which he was to pay $1,400, and that the land was not bought by the acre, but by the tract, with the understanding and agreement between them that there was at least 50 acres in the tract.

Upon this evidence the court, after refusing a number of offered instructions, told the jury that "they should find for the defendant, unless you believe from the evidence at the time of the trade and execution of the deed in question, it was agreed and understood between the plaintiff and defendant that the sale was to be by the acre and not by the tract."

All of the circumstances surrounding the transaction show that Brown sold, and Nunley bought, all that remained of the 75 acres that Brown had bought from Moore. Neither of the parties at the time the deed was made knew exactly how many acres were left of this tract, but they evidently believed that it contained at least 50 acres, and so the deed contained the reference to 50 acres. The consideration for the land was $1,400, and there is nothing in the deed to indicate that the sale was by the acre. It is contended by counsel for Brown that the recital, "namely; being 50 acres of land off of the east side of the following described land," limited the quantity of land sold to 50 acres, but we do not think so. This suit was not brought to correct a mistake in the deed, but upon the theory that the five acres and 157 poles had never been sold by Brown to Nunley, and,

therefore, he was entitled to the possession of it. The issue being thus limited, the only question for the jury was whether it was a sale in gross or by the acre.

And this issue, we think, the instruction fairly submitted to the jury. If the sale was of 50 acres by the acre, Brown should have succeeded; but if it was a sale of the boundary, and the 50 acres was merely descriptive, Nunley was entitled to all of the land in the boundary. Perhaps the instruction might have been more aptly worded, but we do not regard this as very material, because all the facts and circumstances connected with the transaction show a sale in gross, and the jury could not well have found a verdict for Brown under any instruction less than a peremptory.

Wherefore, the judgment is affirmed.