### Taylor v. Williams.

(Decided May 11, 1923.)

### Appeal from Madison Circuit Court.

1. Evidence—Agreements Between Parties are Merged in Writing Unless Otherwise Stipulated.—All agreements and understandings between contracting parties are merged in the written contract, unless by the terms of the writing the parties stipulate otherwise.

2. Evidence—Evidence Held Admissible to Show Sale of Land in Bulk.—The principle that the agreements are merged in a written contract does not apply to a contract for the sale of land described by its boundaries with a statement as to the acreage, which re-

quired the payment to be of a stated sum, so as to exclude evidence of circumstances showing that the contract was for the sale of the tract in bulk and not by the acre.

3. Vendor and Purchaser—Sale Held to Have Been in Bulk and not by the Acre.—Where the written contract described the land by boundaries and fixed a gross sum as the price, but stated it contained 20 acres, and the evidence showed that the vendor had stated his price as a price for the tract and not by the acre and had furnished old deeds in the claim of title which described the tract as containing less than the acreage stated in the contract, the sale was one of the tract in bulk and not one by the acre, so that the purchaser. is not entitled to a rebate from the price because the area was one acre less than that stated.

CHENAULT & CHENAULT for appellant.

JOHN NOLAND, S. D. PARRISH and W. T. SHORT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee Williams owned a small tract of land in Madison county in January, 1920, which appellant Taylor desired to purchase. Taylor approached Williams and asked him if he would sell the land and at what price, to which Williams responded he would sell and that the price was ten thousand ($10,000.00) dollars. In the conversation that ensued appellant Taylor said, ''That will be $500.00 per acre?'' Appellee answering him said, ''Yes, but it will take $10,000.00 to buy it.'' A few minutes later they closed the trade and Taylor paid Williams $500.00 on the price, agreeing to pay $9,500.00 later. The contract in part reads:

''Has this day sold and does hereby agree to convey in fee simple to Roy Taylor, the second party herein, by good and sufficient deed of general warranty when the last payment of the purchase money hereinafter provided for shall be fully paid a certain tract of land lying and being in Madison county, Ky., on the Kirksville and Poosey pike and described as follows:

''On the north by the land of Tracey Warner; on the south and west by the land of Malinda Taylor, and on the east by the said pike and containing twenty (20) acres.

''The said Roy Taylor hereby agrees to pay the said Burchell Williams the sum of ten thousand ($10,000.00) dollars, the purchase price of said land in the following manner: Five hundred ($500.00) dollars cash in hand

when this contract is signed, and the remainder of nine thousand and five hundred ($9,500.00) dollars on the first day of January, 1921, when the said Williams agrees the said Taylor shall have full possession of the property with general warranty deed to same."

Williams did not make a deed to Taylor but Taylor divided the land into two parts, selling one part to one person and the balance to another, making a profit. At the instance of Taylor the lands were conveyed to his vendees by Williams. At the time of the making of the two deeds, Taylor told Williams that the land had been run out and found to contain only nineteen (19) acres, and informed Williams he was only going to pay him $9,500.00, retaining $500.00 for the one acre which was short. Williams did not agree to this but insisted he had sold the land in bulk for ten thousand ($10,000.00) dollars. Taylor insisted that he had purchased the land by the acre. Williams needed money to meet an obligation, and the parties finally agreed that Taylor should pay $9,-000.00 to Williams and the remainder should be held for further settlement. When Taylor refused to pay the remaining $500.00 Williams brought this suit in the Madison circuit court, where the facts were heard before the judge without the intervention of a jury, and found in favor of Williams, the vendor. Taylor appeals.

Appellant insists that whenever a contract is reduced to writing all previous agreements and understandings are merged in the writing, and relies upon the case of Louisville Soap Co. v. Cotton Oil Company, 168 Ky. 340, and further insists that inasmuch as the written contract by which he purchased the land, after describing it, contained the clause "and containing 20 acres," that the vendor Williams agreed to sell him 20 acres, no more and no less. and that he is entitled to have 20 acres or a reduction in the price equal to the deficiency in acreage. The rule is well established in this jurisdiction that all agreements and understandings between contracting parties are merged in the written contract unless by the terms of the writing the parties stipulate otherwise. Crawford & Gatlin v. M. Livingston  Co., 153 Ky. 58; Louisville Soap Co. v. Louisville Cotton Oil Company, 168 Ky. 340; Elliott on Contracts, vol. 3, section 2264.

We think that this principle of law has no application to the facts of this case. The contract must be read as a whole in order to determine what the parties intended by the words employed. True, the writing be-

tween the parties here calls for 20 acres, but the balance of the contract shows that the sale was by the bulk and not by the acre. The lands are described as lying and being in Madison county, Kentucky, on the Kirksville and Poosey pike, and bounded on the north by the lands of Tracey Warner; on the south and west by the lands of Malinda Taylor, and on the east by the said pike, and containing 20 acres. The contract then reads:

"The said Roy Taylor hereby agrees to pay the said Burchell Williams the sum of ten thousand ($10,000.00) dollars, the purchase price of said land in the following manner: Five hundred ($500.00) dollars cash in hand when this contract is signed, and the remainder of nine thousand and five hundred ($9,500.00) dollars on the first day of January, 1921, when the said Williams agrees. the said Taylor shall have full possession of the property with general warranty deed to same."

There is no mention of a survey for the purpose of ascertaining the acreage, nor of a sale by the acre, but the tract is described in bulk and the price is stated at $10,000.00 for the boundary. The evidence given by appellant Taylor clearly shows that appellee Williams did not represent to him that the tract contained 20 acres, but indicated to him that the tract contained a fraction less than 20 acres. At the time the trade was made appellee gave appellant one or more of the old deeds in the chain of title, one of which described the tract as containing 19 acres and the other as containing 19¾ acres, thus clearly apprising the appellant of the fact that there was a fraction less than 20 acres. Notwithstanding these facts appellant entered into a contract to and did purchase the land at the price of $10,000.00. We agree with the lower court that the evidence proves that Taylor, the vendee, knew at the time he entered into the contract that the tract contained no more than 20 acres and in all probability a fraction less than that number of acres, and with that knowledge agreed to pay $10,000.00 for the tract.

The only fact in the record which supports appellant Taylor's contention is the recital in the contract "containing 20 acres." These words are held by appellant to mean full 20 acres and to be of the essence of the contract—not merely descriptive of the property to be conveyed. Where from the contract as a whole it appears that the parties intended a sale and purchase in bulk and not by the acre, the words and figures designating the

number of acres contained in the boundary will be treated as descriptive of the boundary merely and not as an undertaking on the part of the vendor to convey the number of acres mentioned.   As far back as the case of Harrison v. Talbott, reported in 2 Dana 258, this court acknowledged the rule above stated, and from that time until now through a long line of cases has carefully adhered to it.   The most recent case upon the subject is Chilton v. Head, 193 Ky. 768.

Appellant insists that before appellee Williams can have a recovery in this case he must allege and prove that by fraud or mistake the contract contained a stipulation for a conveyance of 20 acres, and that in the absence of such an averment in the petition, no reformation of the contract can be had, and without such reformation no relief can be had from the strict terms of the contract. Again he states a correct principle of law but it has no application to the facts under consideration for the reason above stated.

We conclude that the trial court was correct in holding that the words "20 acres" in the contract were merely descriptive of the boundary and were not intended to indicate a purpose on the part of the vendor to sell, or on the part of the vendee to purchase the tract by the acre.

Judgment affirmed.