## Sullivan et al. v. Gouge et al.

May 31, 1949.

Rehearing denied November 29, 1949.

H. C. Clay and F. A. Harrison for appellants.
R. L. Vincent and L. M. Ackman for appellees.

JUDGE KNIGHT—Affirming.

By deed dated July 26, 1946, appellees Joe Gouge and Emma Gouge his wife conveyed to appellants D. L. Sullivan and Ruby C. Sullivan his wife a tract of land located on Lincoln Ridge turnpike in Grant County at the agreed price of $8500. The deed contains a description of the property after which it says "containing 80 acres more or less." The written contract between the parties and signed by the parties about two weeks previous to the execution of the deed describes the farm as "containing 80 acres more or less." On January 21, 1947, appellants brought this suit against appellees in the sum of $2451.18 claiming that the tract of land, instead of containing 80 acres as represented to them, contained only 56.93 acres making a deficit of 23.07 acres or a deficit in percentage of 28.83 per cent, the amount claimed representing difference in acreage at $106.25 per acre based upon the consideration of $8500 paid for the land. Appellants allege in their petition that at no time did they agree to buy the land in question by the tract, but that it was understood and agreed that they were buying it as 80 acres.

By their answer appellees deny that the property was sold as 80 acres by the acre but allege it was sold by the tract at $8500, and in their answer offered to rescind the contract and refund the purchase price plus interest from date of conveyance if appellants would reconvey the property and pay for the crops received and a reasonable rental for the use of the property while occupied by appellants. A reply made up the issues.

There is but one issue involved in the case. Was the property sold on an acreage basis or was it sold as a tract for a lump sum?

The law is well settled in this state "that if the sale is by the acre, compensation for any discrepancy, no matter how small, will be allowed; but if it is in gross, the rule is that the deficit must be as much as 10 per cent. before the complaining party is entitled to relief. The latter rule, however, is subject to two well-established exceptions laid down in Harrison v. Talbot, 2 Dana 258, (32 Ky. 258), and consistently followed by this court. The first is a sale, strictly and essentially

by the tract, without reference in the negotiations or contract to any estimated or designated number of acres; and the second is, where a supposed quantity, by estimation, is mentioned or referred to in the contract, but the reference is only for the purpose of description and in such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be. In neither of these classes of cases will the contract be modified by the chancellor, if no fraud is shown to exist.'' Adkins v. Osborne, 275 Ky. 613, 122 S. W. 2d 515, 517, and cases therein cited.

On submission of the case on the pleadings, proof and exhibits, the lower court entered a judgment dismissing appellants' petition. It is apparent that he based his decision on the second exception referred to above. We quote from that judgment as follows:

"It is considered and adjudged by the court that plaintiffs purchased the farm from the defendants herein for its location, its improvements and by the parcel; that the eighty acres, more or less, referred to in the contract and in the deed was for the purpose of description only; that the parties intended to risk the contingency of quantity, whatever it might be.''

From this judgment appellants prosecute this appeal contending that it is not supported by, but is contrary to the evidence.

According to the testimony of appellant Sullivan, his attention was first directed to this farm by an advertisement of a real estate agent in the Grant County News which, along with other descriptions of the property and the improvements thereon, stated that it was "80 acres, more or less;" that sometime later he and his wife went to the home of appellees at night and looked at the house; that they did not see the land but Gouge told him he had 80 acres of land; that on July 8 they agreed to buy it at the price asked and appellant D. L. Sullivan himself wrote the contract of sale which described the property as containing 80 acres, more or less, and gave appellee Joe Gouge a check for $1000 down payment, marking it "payment on 80 acres of land;" that on July 9 Sullivan went to look over the place in daylight and walked over the farm with Gouge;

Sullivan told Gouge he didn't think there was 80 acres of land but that Gouge said he was sure that there was; Sullivan needed a place to move to right away and said he would take it subject to survey and if the land was found short on survey, for which survey each was to pay half, Gouge would make up the difference; that on July 26 they met in the office of Mr. Harrison, an attorney, who drew up the deed and the deed was executed and the balance of the agreed purchase price, $7500, was then paid to Gouge in two checks, both marked "payment on 80 acres of land more or less." This deed, after the description, says "containing 80 acres more or less." As the deal was being closed Sullivan says he mentioned to Mr. Harrison that he didn't think the 80 acres was there and that Mr. Harrison explained to Gouge that if there was a deficiency of 10% he would have to make up the shortage. However, nothing definite was put in the contract or deed about this. Appellants took possession of the property and moved in about August 1. Sullivan says he kept reminding Gouge of the survey and could never get him to agree on a time or a surveyor; that Sullivan then had it surveyed by a Mr. Stone whose survey showed the property contained 56.93 acres, making a shortage of 23.07 acres; that he informed Gouge of this but Gouge said there was more land there than that and refused Sullivan's demand that he make up the deficiency and upon his failure to do so this suit was brought. F. A. Harrison, attorney who drew the deed, and Mrs. Harrison, his secretary who typed it, corroborated appellants' testimony that when the deal was being closed in their office Gouge said he believed the tract contained 80 acres but if it didn't he would make up the deficiency.

For the defense appellee Joe Gouge testified that appellants came to his home on the farm in question on the night of July 3 at which time he showed them through the house and outbuildings; that they talked about the place a good while and he told them his dad said the farm contained 80 acres, but that he said, "I am selling this farm in a lump because I don't know what those old surveys show as there is one tract of the land I haven't got a deed for;" that they met the following Monday to sign the contract which Sullivan had drawn up; that Sullivan read the contract to him and he objected to the statement in the contract about

the 80 acres; that Sullivan, who was a trader and had bought and sold many farms, said he wanted that in there as he thought the farm would sell better if the acreage were stated; that after the contract was signed he and Sullivan went over the farm and when they came back to the house Sullivan said he didn't think there was as much land as the contract called for; that he then told Sullivan he couldn't make it any larger and that if he wasn't satisfied they would· tear up the contract and give his money back to him whereupon Sullivan said he was satisfied. He denied flatly that he had ever represented to Sullivan during the negotiations for sale of the farm that it contained·80 acres or that he had ever agreed to have a survey made and make up the difference if there was a shortage in the acreage and denied that he made any such statement at Mr. Harrison's office or elsewhere. He was corroborated in part of this testimony by his wife, an appellee herein.

This testimony of the two principals in this suit illustrates its conflicting nature. There was a great deal of incompetent and immaterial testimony, but to which no exceptions were filed, and this was equally conflicting. Such was testimony as to the value of the improvements on the property. Appellants' testimony played down the value of the seven room dwelling house, placing the value of that house and all improvements on the place at about one fourth of what he paid for the whole tract or slightly over $2000.00. Appellants say they have added a bathroom· and an additional room and made other improvements at a total cost of $1200 to $1300. Appellees' proof on the contrary plays up the value by showing that the farm is located on the main line of the Southern Railway and on U. S. Highway No. 25 both running south from Cincinnati; that it is in a fine consolidated high school district, on mail route, milk route and hucksters route, the school bus route passing close to the house, and near a town with three churches; that the improvements consist of a nice seven room two-story house with electric lights, a smoke house, wash house, hen house, barn, garage, corn crib, all in good shape. Appellee places the value of the farm and improvements at more than he got for it when he sold it and says he is still willing to refund the purchase price if the farm is reconveyed to him. Even the surveyors differ as to the number of acres in the

tract. Mr. Stone, one of appellants' surveyors, puts the size of the tract at 56.93 acres, while Mr. Vallandingham, another of appellants' surveyors, puts it at 65.15 acres.

We have read and considered all the conflicting evidence of which the above resume is an example and from it we cannot say that the judgment is not supported by the evidence. Where the testimony is conflicting and we have no more than a doubt as to the correctness of the decision of the Chancellor, we have long followed the rule that his decision will not be disturbed.

The record as prepared by the clerk does not comply with the rules of this court in that the pleadings are mixed up with the proof and exhibits are thrown in at random and not indexed. This may have been due to lack of supervision by attorneys on each side, both of whom were ill when the appeal was perfected, and the case has been briefed by attorneys on each side who did not practice the case below. For this reason we will not penalize the clerk, only calling his attention to violation of our rules.

Judgment affirmed.