Court of Appeals of Kentucky.

May 13, 1955.

**A. O. WOODS et al., Appellant,**

**v.**

**R. M. MASON, Appellee.**

Court of Appeals of Kentucky.

May 13, 1955.

Nat Ryan Hughes, Murray, for appellant.

Wells Overbey, Murray, for appellee.

## PER CURIAM.

Motion for appeal from a judgment of the Calloway Circuit Court dismissing a petition which sought damages as the result of a ten foot shortage in the description in a general warranty deed conveying a city lot.

The trial court held that the sale was in gross, not by the acre, and no damages should be allowed for the discrepancy. We believe this conclusion was correct.

Appellant contends, however—even though the sale was in gross—where the error amounts to ten per cent or more and if the purchaser had known that truth prior to the sale he would not have completed the transaction, then he is permitted to recover damages.

While it is true that we have applied the ten per cent rule to cases where sales have been held to be in gross, we have long recognized two exceptions to its application. In the leading case (not only here, but nationally) of Harrison v. Talbot, 2 Dana 258, 32 Ky. 258, it was said:

"Sales in gross may be subdivided into various subordinate classifications: First—Sales strictly and essentially by the tract, without reference, in the negotiation or in the consideration, to any estimated or designated quantity of acres. Second—Sales of the like kind, in which, though a supposed quantity by estimation is mentioned or referred to in the contract, the reference was made only for the purpose of description, and under such circumstances or in such manner as to show that the parties intended to risk the contingency of quantity, whatever it might be, or how-much-soever it might exceed, or fall short of, that which was mentioned in the contract. Third—Sales in which it is evident, from extraneous circumstances of locality, value, price, time, and the conduct and conversations of the parties, that they did not contemplate or intend to risk more than the usual rates of excess or deficit in similar cases, or than such as might be reasonably calculated on as within the range of ordinary contingency. Fourth—Sales, which, though technically deemed and denominated sales in gross, are, in fact, sales by the acre, and so understood by the parties.

"Contracts belonging to either of the two first-mentioned classes, whether executed or executory, should not be modified by the Chancellor when there has been no fraud.

" * * * But in sales of either of the latter kinds, an unreasonable surplus, or deficit, may entitle the injured party to equitable relief, unless he has, by his conduct, waived or forfeited his equity."

This rule of property has recently been restated in American Law of Property, Vol. 3, Subsection 11.55.

It is apparent from the judgment that the trial court based its decision upon facts which fall under subdivision 2 of the Harrison opinion. We also believe from the circumstances proven that the decision was correct. As is stated in the Harrison opinion, sales, under the first two mentioned classes, will not be modified when there has been no fraud—and no fraud was proven in this case. Some of our other cases applying this rule are: Anthony v. Hudson, 131 Ky. 185, 114 S.W. 782; Anderson v. Dawson, 133 Ky. 708, 118 S.W. 953;

Brown v. Nunley, 161 Ky. 241, 170 S.W. 604; Beckley v. Gilmore, 192 Ky. 744, 234 S.W. 459; Chilton v. Head, 193 Ky. 768, 237 S.W. 422; Morris v. McDonald, 196 Ky. 716, 245 S.W. 903; Taylor v. Williams, 199 Ky. 154, 250 S.W. 820; Adkins v. Osborne, 275 Ky. 613, 122 S.W.2d 515; Sullivan v. Gouge, 311 Ky. 372, 223 S.W.2d 985.

The motion for appeal is overruled and the judgment is affirmed.