## Miller et al. v. Hodges et ux.

October 19, 1948.

Rehearing denied December 17, 1948.

Albert F. Reutlinger for appellant.

Lawrence S. Grauman and Leon J. Shaikun for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Oliver Hodges and wife, present appellees, sued Lottie C. Miller and others, present appellants, to compel specific performance of a contract for sale of real estate. After overruling a general demurrer to appellees' second amended petition and then hearing evidence on trial, the chancellor rendered judgment for the Hodges. The Millers appeal.

As one ground for reversal, the Millers urge upon us the asserted error of the chancellor in overruling the demurrer filed by them against Hodges' second amended petition.

The controversial pleading, by its recitation of facts and its reference to the contents of previous pleadings and exhibits, shows that the Hodges, on August 14, 1941, executed a written offer to buy a home in Louisville from the Millers for $2150, $150 to be paid in cash and $2000 to be paid in monthly installments of $23 each, such offer to remain open until 6:00 P. M. on August 18, 1941; that Mrs. Miller, on August 16, 1941, executed a written acceptance of the Hodges offer but conditioned her acceptance upon an entry by the parties into a particular, specified form of secondary contract calculated to express this entire property agreement in full detail; that this secondary contract, intended to express the minds of the parties toward the subject matter of this property, was thereupon executed by both sides as of August 20, 1941; that the secondary contract primarily contained a lease from Mrs. Miller to the Hodges for the property extending through the twelve-month period ending September 9, 1942, based on a rental consisting of $150 as an immediate cash payment plus advance monthly payments of $23 each throughout the tenure of the lease; that the secondary contract also contained an option to purchase which was definitely granted unto the Hodges but which was conditioned on (1) the option's exercise by them prior to September 9, 1942, and on (2) a total rental payment, subsequently to be commuted

to a purchase payment, having been made by them prior to the option's exercise in the amount of $426, this being the exact total of the cash payment plus the monthly payments through date of August 9, 1942, and on (3) execution of a mortgage from the Hodges back to Mrs. Miller, after the former had received a deed, in order to secure payment to Mrs. Miller of the remainder of the purchase price; that the Hodges "deferred requesting deed for said property until July, 1946, at which time the plaintiffs (the Hodges) advised the defendants (the Millers) that they desired a deed for said property and that they were ready, willing and able to comply with the terms of their contract of purchase, etc."

It is readily apparent that the questioned pleading of appellees sets out the ultimate and specific meeting of minds between these parties as it was reached by two separate documents which were seriously executed and solemnly signed. It is likewise apparent that the meeting of minds, as shown by this pleading, produced a right of possession of this property for the Hodges on rental basis, together with a clear and explicit right of the Hodges to buy this property at a specified price, provided the Hodges crossed the valley of decisive action before September 9, 1942, so as to exercise their option according to the exact terms written into the contract. It is still further apparent that the Hodges deferred acting upon their right to purchase this property, as they candidly stated in this pleading, until July of 1946, which was more than three and one-half years after the train of opportunity had passed by according to the express terms of this definite contract.

Where a petition seeking specific performance of a contract, the very type of action now before us, fails to allege the performance of an essential condition of the contract, such as the exercise of an option within specified time, a demurrer will lie to a pleading of such defectiveness. See 49 Am. Jur. 187, Specific Performance, sec. 164.

An option contract is not a contract for the purchase or sale of property, but a contract giving the optionee the privilege of purchasing it if he elects to take it within the time stated in the option. Ross-Vaughan Tobacco Co. v. Johnson, 182 Ky. 325, 206 S. W. 487.

An option to purchase land at a fixed price for a definite time, not having been exercised within said time is without force or effect thereafter. Fields & Combs v. Vizard Investment Co., 168 Ky. 744, 182 S. W. 934, Ann. Cas. 1918D, 336.

While we regret to see the Hodges, who are people of meager education and scanty means, deprived of their right to buy this home of their choice, yet we see no alternative to our duty of requiring the law of contracts to be upheld and enforced. This particular contract required the Hodges to act on or before September 9, 1942, rather than in July of 1946, and having failed to so act, the Hodges failed to accumulate unto themselves a legal cause of action for the specific performance of a contract, and having failed to so accumulate, the Hodges failed in their ability to make the allegations necessary to sustain the pleading in controversy.

Wherefore, believing that the appellants' general demurrer to the second amended petition should have been sustained, we now reverse the chancellor's judgment for further proceedings consistent herewith.