### Miller et al. v. Hardin.

October 20, 1950.

Lawrence F. Speckman, Judge.

Albert R. Reutlinger for appellants.

J. L. Richardson, Jr., for appellee.

CHIEF JUSTICE SIMS—Affirming.

Appellee, W. M. Hardin, instituted this action against appellants, Lottie C. Miller (widow), her son, Harold, and his wife, Elizabeth H. Miller, to require

them to specifically perform a written contract and convey him a house and lot located at 4410 Almond Avenue, in Louisville. The chancellor after setting forth his reasons in a well-considered opinion granted the prayer of the petition and the Millers appeal.

Although there was a "For Sale" sign on the property, Hardin tried to rent it. When that could not be done, he entered into a written contract on Aug. 11, 1941, with Steber Bros., Miller's real estate brokers, subject to the approval of Mrs. Lottie C. Miller, to purchase this property for $2350. Mrs. Miller refused to sign the contract because of the small cash payment, but on Sept. 2, 1941, she and Hardin entered into a contract wherein she purportedly leased the property to him for four months from that date for $150 cash, $150 to be paid on Jan. 2, 1942, and $23.50 to be paid monthly in advance. The second paragraph of the instrument gave Hardin the option to purchase the property at any time before the expiration of the purported lease "or within thirty days thereafter" for $2350, of which $394 was to be paid in cash at the time the option was exercised and the balance, payable in monthly installments of $23.50, was to be secured by a mortgage on the property.

Hardin had the title to the property examined by his attorney, made the cash payment of $150, executed his note for the other $150, and took possession of the property. There was a tenant by the name of Preher in the house and Hardin asked Mrs. Miller to evict him. She refused, saying that Hardin had bought the property and it was up to him to oust the tenant. Hardin filed a forcible detainer proceeding, was successful in evicting the tenant and moved into the house with his family. He spent considerable money in improving the property by papering and painting inside, installing a furnace, putting in a shower bath, building a fruit cellar and installing electric fixtures in the basement. In January 1942, Hardin borrowed the money and paid his $150 note to the Millers and when he made that payment he asked for a deed and was informed by a clerk in Mr. Miller's office that the latter was out but the deed would be prepared by Miller and mailed to him. Hardin continued to reside in the property and make his monthly payments under the belief he could obtain a deed at any time, until he received a letter

dated July 29, 1946, from appellants' attorney, Mr. Reutlinger, reading:

"July 29, 1946.

Mr. W. M. Hardin
4410 Almond Avenue
Louisville, Kentucky.
Dear Sir:

This will notify you that your present lease, executed Sept. 2, 1941, to the premises you now occupy, namely 4410 Almond Avenue, Louisville, Ky., will expire Sept. 1, 1946. After that date you may continue to remain in possession of that property on a month to month basis at a rental of $23.50 per month.

If there is any discussion of this matter, I should be pleased to talk with you or your representative.

Yours very truly,
(Signed) Albert F. Reutlinger."

Soon after receiving this letter Hardin through his attorney tendered Mr. Reutlinger the balance of the purchase money and demanded a deed. This was refused on the ground that the option had expired before it was exercised, and Hardin filed suit on Aug. 31, 1946, for specific performance.

It is insisted by appellants that what they term "the lease contract" was only for four months and it had expired before appellee exercised his option to purchase. Secondly, they contend that as appellee had paid only $267.50 prior to Feb. 2, 1942, when the contract required him to pay $394 at the time he exercised the option, he did not comply with the terms of the contract. Lastly, appellants argue that as appellee ceased meeting the monthly payments of $23.50 in September 1946, he is seeking equity while refusing to do equity.

We agree with appellants that an option is not a contract of purchase but only an offer to sell if the optionee elects to take the property within the time and according to the terms stated in the option. Caskey v. Williams Bros., 227 Ky. 73, 11 S.W.2d 991; Miller v. Hodges, 308 Ky. 655, 215 S.W.2d 99. Admitting arguendo that this was a lease contract for four months from Sept. 2, 1941, with an option to purchase within

that time, still we are convinced appellee exercised his option to buy within the time and according to the terms of the instrument. The purported rental of this property was $23.50 per month and appellants admitted appellee had paid them $267.50 by Feb. 2, 1942. With this four months rental aggregating $94, why would appellee pay $267.50 and demand a deed in January 1942, if he were not exercising his option? Furthermore, appellee's testimony is that a deed was promised him when he made the $150 payment in January and he was allowed to continue his monthly payments for more than five years without objection from appellants and under the belief he could obtain a deed at any time.

Appellee in an awkward manner pleaded an estoppel against appellants and they admitted that up to Sept. 3, 1946, he had paid them on this contract $1610.50. If the chancellor believed the testimony of appellee and his witnesses, and it is apparent that he did since he rendered judgment in his favor, then we have no trouble in reaching the conclusion that appellants' acts estopped them from denying that appellee had not exercised his option to buy within the time and according to the terms of the contract.

Likewise, appellants are estopped from complaining that appellee paid only $267.50 by Feb. 2, 1942, when he should have paid $394 by that date in order to exercise his option. There is no evidence in the record that appellants complained that he was short in his cash payment when he demanded a deed upon the payment of $150 in January 1942. We agree with the chancellor, that the contract when viewed in the light of this record shows all parties considered it one for the sale of the house. Appellants required appellee to pay the taxes and insurance on the property, to bring ouster proceedings against their tenant and permitted appellee to install a furnace and make other expensive improvements on the property. Furthermore, appellants never listed the property with the federal rent control board while appellee occupied it, which is strong evidence that they sold it to appellee and did not rent it to him. A court of equity in such circumstances will not hear appellants say appellee did not comply with his contract in not paying the full $394 in cash by Feb. 2, 1942.

Nor can it with reason be said appellee is refusing

to do equity when he stopped the monthly payments after this controversy arose. Had appellants succeeded in taking the property from appellee, the latter stood to suffer a great loss. Fairness and good conscience would not require him to make monthly payments on a house in which he had already invested a large sum and which the seller was trying to take from him.

Appellants insist that under the case of Miller v. Hodges, 308 Ky. 655, 215 S.W.2d 99, this judgment must be reversed, while appellee contends the Miller case is wrong and should be overruled. As we read that opinion, it holds an option cannot be exercised after the contract has expired. This is the correct rule but it has no application here as the facts in the instant case are quite different from those in the Hodges case. In the first place, the testimony shows that appellee exercised his option before the expiration date of Feb. 2, 1942. In the second place, the parties did not treat the contract as a rental agreement with an option to purchase on or before Feb. 2, 1942, but the record shows they regarded it as a contract for the sale of the property. The chancellor's opinion correctly makes this distinction between the instant case and Miller v. Hodges, 308 Ky. 655, 215 S.W.2d 99.

The judgment is affirmed.