Carl CLORE, Jr., Robert Haney, Lee S. Clore, and Eugene Holmes, Appellants,

v.

Charles FREDERICK and Wanda Frederick, his wife, Appellees.

Court of Appeals of Kentucky.

June 3, 1977.

Thomas B. Merrill, Crestwood, for appellants.

James A. Hall, LaGrange, for appellees.

Before WHITE, COOPER and HOWARD, JJ.

WHITE, Judge.

This is a suit involving an option to purchase land near an interstate highway interchange in Indiana. The appellees, Charles Frederick and Wanda Frederick, are the landowners while the appellants are assignees of the optionee, Charles Kavanagh.

It appears from the evidence that Gloria Kavanagh, a real estate broker, contacted the Fredericks and procured from them on January 8, 1969, an option to purchase a parcel of land that the Fredericks owned in Floyd County, Indiana. This option to purchase was granted to Charles Kavanagh, her husband, and/or his assigns. The property was described and located as follows:

This property is located on Charlestown Rd. also known as St. Re 31–W Floyd Co. New Albany, Indiana. Being a tract of land 3 acres more or less, fronting approx. 323 feet more or less on the southwest corner of Charlestown Rd. This being the same property formerly owned by

Henry Biesel. This same property was conveyed from Bertha Biesel to Charles A. Frederick. This is part of No. 63 Illinois Grant. Legal to be added.

This option recited that the purchase or option price was to be $42,400.00 and that the cash consideration of $1.00 received shall be applied or credited on the purchase price in the event this option is exercised; otherwise it is to belong to the Fredericks. The option was renewed six times, covering a period of four years, without material changes. However, the last renewal, dated August 25, 1972, contained the following statement: "This contract must be exercised by Jan. 31, 1973. Mr. Fredericks (sic) does not want to renew again.—"

The evidence discloses that Mr. Frederick was paid a total of $4,500.00 by the Kavanaghs as consideration for all the options. Meanwhile, during the pendency of these options, the Kavanaghs assigned all their interest to the appellants for a total of at least $9,875.00. All of said sums were paid by appellants to the Kavanaghs; none of appellants paid the Fredericks anything.

Evidence was also adduced to show that on February 6, 1969, Charles Frederick deeded to the state of Indiana, under threat of condemnation, a strip of land across part of the frontage which restricted the access to 89.15 feet on Charlestown Rd. This portion of land deeded away contained 0.129 acre. There was also evidence of a survey taken on February 27, 1973, which indicated that there was at that time 1.868 acres in the Frederick tract.

Suit was filed by the appellants to recover the money paid by them to the Kavanaghs. The appellants also asserted a claim against the Fredericks for the return of the option money. Pursuant to a jury verdict, judgment for $9,875.00 was entered in favor of the appellants against the Kavanaghs and the appellants' claim against the Fredericks was dismissed. Appellants now bring this appeal asserting that they were entitled to judgment against the Fredericks as a matter of law because appellees could not convey three acres more or less with 323 feet fronting on the southwest corner of Charlestown Road. The appellants also assert that the trial court erred in its instruction to the jury concerning nonexercise of the option.

■ There seems to be some confusion by the appellants as to what constitutes an option contract. Contrary to appellants' view, this option contract is not a contract for the purchase or sale of property, but is instead a contract giving the optionee the privilege of purchasing it if he elects to take it within the time stated in the option. *Miller v. Hodges,* 308 Ky. 655, 215 S.W.2d 99 (1948). An option has long been recognized as not a sale but a right to exercise a privilege. *Three Rivers Rock Co. v. Reed Crushed Stone,* Ky., 530 S.W.2d 202 (1975).

Appellants argue that the "10 per cent rule" applicable to contracts for the purchase or sale of real property applies in the instant case. See *Harrison v. Talbot,* 2 Dana 258, 32 Ky. 258 (1834); *Boggs v. Bush,* 137 Ky. 95, 122 S.W. 220 (1909).

■ This contract was clearly an unexercised option contract, and one to which, of course, the "10 per cent rule" does not apply. In like manner, the fact that the tract was described as being "3 acres more or less, fronting approx. 323 feet more or less on the southwest corner of Charlestown Rd." does not provide a cause of action against the appellees since it is used for the purpose of description and location of the tract, and not as a warranty of acreage.

It is clear from the testimony of the appellants that their purpose in purchasing the Kavanaghs' rights under this option was "to make a considerable sum of money" when the interstate highway interchange was built nearby. It is likewise evident that appellants were not concerned particularly with the amount of acreage or the distance of access, because in their greed they believed there was enough profit for everyone concerned.

One purpose of such an option contract is to freeze the price of a particular tract of land while further investigations are made by the optionee as to its quantity, suitability, and marketability. Then, if all appears

in order, the optionee exercises the option and a contract for the sale and purchase of land is in effect.

Here it is apparent from the record that these appellants made no investigations and no efforts to exercise the option for over four years while they speculated on a sale to another prospective buyer. When they attempted to exercise the option, it had, by its own terms, expired on January 31, 1973. *Stewart v. Gardner,* 152 Ky. 120, 153 S.W. 3 (1913). The appellants are not entitled to a return of the option money. 91 *C.J.S.* Vendor and Purchaser § 7d (1955).

The judgment is affirmed.

All concur.